WALLACE, Circuit Judge.
A writ of habeas corpus cannot perform the office of a writ of error in reviewing the proceedings in extradition before an officer authorized to entertain such proceedings. It is efficient only to reach error which is fatal to the jurisdiction of the officer over the person of the accused, or over the subject-matter of the accusation. In the present case the question as to the jurisdiction of the person of the accused is whether the complaint pursuant to which the warrant for her apprehension issued was sufficient. This question is fully discussed in the opinion of the district judge from whose order denying the writ of habeas corpus this appeal has been taken. Wé approve his conclusion that the complaint was sufficient, and the reasons assigned for that conclusion, and deem it unnecessary to add anything to his opinion. The question as to jurisdiction of the subject-matter is whether there was competent evidence before the commissioner tending to show that the accused had committed the crime with which she was charged, viz. the murder of George H. Sternaman. In considering this question, the rule is that, if the commissioner had before him competent evidence sufficient to call for the exercise of his judgment upon the facts, his determination cannot be reviewed. Oteiza’s Case, 186 U. S. 330, 10 Sup. Ct. 1031. In the recent case decided by the supreme court May 10, 1897 (Ex parte Bryant, 17 Sup. Ct. 744), the court state the question to be “whether there was any legal evidence at all upon which the commissioner could decide that there was evidence sufficient to justify a commitment for extradition.” The depositions taken in Canada were not authenticated by the certificate of the principal diplomatic or consular officer of that country, as required by section 5 of the act of congress of August 3,1882 (22 Stat. 216). Disregarding these depositions altogether, there was evidence not only that Sternaman died from the effects of arsenical poisoning, and that the accused, his wife, who prepared his food, and administered his medicines, could have administered the poison, but also of a motive upon her part for the act. The evidence was not very satisfactory, and was far from being convincing. Nevertheless, the facts and circumstances proved authorized conflicting presumptions and probabilities as to her guilt or innocence, and it was the province of the commissioner to determine their import, and whether they were such as to justify him in exercising his power to commit her to custody pending the action of the department of state. No useful purpose would be subserved by an analysis or discussion of the evidence.
The order dismissing the writ is affirmed.