## In re STRAUSS.

(Circuit Court of Appeals, Second Circuit. November 25, 1903.)

### No. 25.

1. EXTRADITION—FEDERAL COURTS—REVIEW—HABEAS CORPUS.

The power of the federal courts to interfere in interstate extradition proceedings should only be exercised in cases of urgency, where the error ·is plain and the necessity for federal intervention obvious.

2. SAME—STATUTES—OFFENSE—AFFIDAVIT.

Rev. St. § 5278 [U. S. Comp. St. 1901, p. 3597], provides that whenever the executive authority of any state demands any person as a fugitive from justice of any other state or territory to which such person has fled, and produces a copy of an indictment or affidavit made before a magistrate of any state or territory charging the person demanded with having committed a felony or any other crime, etc., the accused shall be apprehended. *Held*, that it is not necessary that extradition proceedings under such statute shall be based on an indictment, but that a verified complaint or affidavit charging a person with an infamous crime is sufficient to confer jurisdiction on the Governor of the state to which the defendant has fled.

3. SAME—AFFIDAVIT—SUFFICIENCY.

Where an Ohio statute provided that any person who obtained of another anything of value by any false pretense, with intent to defraud, shall be guilty of an offense which, if the value of the property be $35 or more, is punishable by imprisonment, an affidavit charging that accused, on a particular day, in M. county, Ohio, unlawfully and falsely pretended to a certain watch company, with intent to defraud it, that he was the owner of a dry goods store in Y., Ohio, which statement was false and known so to be by accused, and by means of such false statement accused obtained from the company jewelry worth $400, sufficiently stated an offense, under the Ohio laws, to sustain extradition proceedings.

4. SAME—HABEAS CORPUS—SCOPE—QUESTIONS OF FACT—REVIEW.

Disputed questions of fact cannot be reviewed on habeas corpus.

5. SAME—FUGITIVE FROM JUSTICE.

Proof that defendant committed a crime in Ohio, and when sought to be subjected to the criminal process of that state he was found in New York, was ·sufficient to establish that he was a fugitive from justice.

6. SAME—ARREST—HABEAS CORPUS—PENDENCY OF PROCEEDINGS—BAR.

Where a fugitive from justice was arrested under Code Cr. Proc. N. Y. §§ 828–830, providing for the preliminary apprehension of a fugitive from justice, and his commitment for a period not exceeding 30 days, to enable requisition to be made, the allowance of a writ of habeas corpus for the purpose of testing the validity of such temporary commitment by the magistrate was no bar to subsequent extradition proceedings before the Governor, under Rev. St. § 766 [U. S. Comp. St. 1901, p. 597], providing that pending the proceedings or appeal in extradition proceedings, and until final judgment therein, any proceeding against a person so imprisoned or confined in any state court, or under the authority of any state, for any matter so held and determined or in process of being held

¶ 5. See Extradition, vol. 23, Cent. Dig. § 32.

and determined under such writ of habeas corpus, shall be deemed null and void, the proceedings before the magistrate and the Governor being entirely dissimilar.

Appeal from the District Court of the United States for the Southern District of New York.

The appellant is charged with the crime of obtaining $400 worth of jewelry at Youngstown, Ohio, by false pretenses contrary to the laws of that state. He was arrested as a fugitive from justice and brought before a magistrate of the city of New York, August 11, 1902. Pending the hearing the accused obtained writs of habeas corpus from the Supreme Court of New York, which were subsequently dismissed, and he was remanded to the city prison for further examination. On August 18, 1902, another city magistrate issued a warrant directing that the accused forthwith be brought before him. This was done, an examination was had and the accused was committed, pursuant to section 830 of the New York Code of Criminal Procedure, for a period of 30 days to enable an arrest to be made on the warrant of the Governor in extradition proceedings. The Governor of Ohio having duly made requisition, dated August 13, 1902, the Governor of New York, after a hearing, at which the accused was represented by counsel, issued his warrant, dated August 22, 1902, directed to the police commissioner of New York City, directing him to arrest the accused and deliver him to the duly accredited agent of Ohio to be taken to that state. The warrant recites that it has been represented by the Governor of Ohio that the accused stands charged in that state of the crime of securing property by false pretenses, which is a crime under the laws of Ohio, and that he has fled from that state. The warrant further recites that the requisition was accompanied by affidavits and other papers, duly certified by the Governor of Ohio to be authentic, charging the accused with having committed the said crime and with having fled from Ohio and taken refuge in the state of New York. On August 22d, the same day that the Governor issued his warrant, the United States District Court for the Southern District of New York allowed a writ of habeas corpus, returnable September 3, 1902, to test the validity of the commitment by the magistrate. On the 23d of August the accused was arrested by the police commissioner, by virtue of the Governor's warrant, and on the same day the writ of habeas corpus was served. The attorney who represented the accused before the Governor swears that he informed the Governor that a writ of habeas corpus had been allowed by the United States District Court. A second writ of habeas corpus, to test the validity of the Governor's warrant, was allowed by the District Court on August 29th, and was served on that day. After the production of the accused the hearing was adjourned until September 3d. The Police Commissioner made return to the writ that he held the accused by virtue of the Governor's warrant. On September 16, 1902, the District Court discharged both writs and remanded the accused to the custody of the police commissioner. In his opinion the District Judge says: "Exactly what occurred at the hearing before the Governor is not before me, as the return to the writ does not set forth the proceedings, but enough appears in the petitioner's papers to show that the Governor was proceeding with a due regard to the rights of the accused." The originals of the papers used before the Governor are not now before the court, but papers which are sworn to be copies by the attorney who represented the accused are set forth in the record. It appears that at least one witness was examined before the Governor, but no authentic report of the testimony or the proceedings appears in the record.

Max J. Kohler, for appellant.

Robert S. Johnstone, for appellee.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

COXE, Circuit Judge (after stating the facts as above). The question of jurisdiction, though discussed to some extent in the briefs,

need not be considered, for the reason that it was conceded at the argument that the District Court had full jurisdiction in the premises. It is also unnecessary to consider the legality of the magistrate's commitment for the reasons stated in the appellant's brief as follows:

"The first commitment, by Magistrate Pool, is spent by its own terms, the 30 days mentioned therein and in the New York Statute (Code Cr. Proc. § 830), having expired, and the commitment being by its terms superseded by the Governor's warrant; accordingly, the first writ of habeas corpus and the commitment sought to be reviewed by it, are, it would seem, only material now, in connection with our claim that the Governor's warrant is illegal, null and void, for the reason that it was issued at a time when his hands were stayed, by the pendency of the first habeas corpus proceedings, by reason of the express terms of section 766 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 639]."

The controversy must, therefore, be confined to the second writ allowed August 29th upon the petition filed that day in the District Court, the sole question for consideration being the validity of the Governor's warrant.

Conceding the power of the United States courts to interfere in interstate extradition proceedings, it is a power which should be exercised with the utmost caution and only in cases of urgency where the error is plain and the necessity for federal intervention obvious. Whitten v. Tomlinson, 160 U. S. 231, 16 Sup. Ct. 297, 40 L. Ed. 406; Ex parte Royall, 117 U. S. 241, 6 Sup. Ct. 734, 29 L. Ed. 868; Ex parte Brown (D. C.) 28 Fed. 653; In re Huse, 79 Fed. 305, 25 C. C. A. 7, and cases cited.

It was only necessary, as a condition precedent to the issuing of the Governor's warrant, to establish two propositions, first, that the appellant was substantially charged with crime against the laws of Ohio, and, second, that he was a fugitive from the justice of that state; the first is a question of law, the second is a question of fact. Roberts v. Reilly, 116 U. S. 80, 6 Sup. Ct. 291, 29 L. Ed. 544; Hyatt v. Corkran, 188 U. S. 691, 23 Sup. Ct. 456, 47 L. Ed. 657.

The principal criticism of the papers certified to the Governor is that no indictment was included among them and that a verified complaint or affidavit before a committing magistrate of Ohio was insufficient to confer jurisdiction upon the Governor, for the reason that an accused person cannot in this manner be charged with an infamous crime. This contention seems to be sufficiently answered by the statute, which, in language as plain as it was possible for the lawmakers to adopt, expressly provides that the demanded person may be charged with crime either in an indictment "or an affidavit."

Section 5278 of the Revised Statutes [U. S. Comp. St. 1901, p. 3597] is as follows:

"Whenever the executive authority of any state or territory demands any person as a fugitive from justice, of the executive authority of any state or territory, to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any state or territory, charging the person demanded with having committed treason, felony, or other crime," etc.

That an indictment is the best evidence to prove that a person has been charged with crime is, of course, conceded, but Congress recog-

nized the fact that exigencies frequently arise where it is impossible to procure an indictment in time to prevent the escape of the offender, and hence provided the alternative method of procedure.

If the statute had said that an indictment was an indispensable prerequisite in all cases of treason or felony and that the use of an affidavit must be confined solely to crimes not infamous, there would be force in the appellant's contention. But the statute does not so provide and the argument by which it is sought to sustain the contention that it does, is too attenuated and refined to commend itself to the judgment of the court.

The case of Virginia v. Paul, 148 U. S. 107, 13 Sup. Ct. 536, 37 L. Ed. 386, relied on by appellant, arose under a different statute and has little application to the present controversy.

The precise point now urged seems never to have been decided or even considered, which, in view of the innumerable times the statute has been under review, is somewhat significant.

That the charge can properly be made by affidavit appears to have been assumed and the courts have uniformly construed the statute according to its plain purpose and intent. Thus in Ex parte Reggel, 114 U. S. 643, 5 Sup. Ct. 1148, 29 L. Ed. 250, the defendant was charged, by indictment it is true, with the same crime as the appellant— obtaining goods by false pretenses—and the court, at page 649, 114 U. S., page 1152, 5 Sup. Ct., 29 L. Ed. 250, says:

"Under the act of Congress, it became the duty of the Governor of Utah to cause the arrest of Reggel, and his delivery to the agent appointed to receive him, when it appeared: 1. That the demand by the executive authority of Pennsylvania was accompanied by a copy of an indictment, or affidavit made before a magistrate, charging Reggel with having committed treason, felony, or other crime within that state, and certified as authentic by her Governor. 2. That the person demanded was a fugitive from justice."

See, also, In re White, 55 Fed. 55, 5 C. C. A. 29; Kingsbury's Case, 106 Mass. 223; 2 Moore on Extradition, § 546.

We think the papers presented to the Governor state an offense against the laws of Ohio. The affidavit is open to criticism in several particulars, but there can be no doubt that it fairly informs the accused of the nature of the charge against him. Technical precision is not required in a proceeding before a committing magistrate.

The Ohio statute provides that any person who obtains from another anything of value, by any false pretense, with intent to defraud shall be guilty of an offense which, if the value of the property be $35 or more, is punishable by imprisonment. It is only important to inquire whether a crime is charged under the statute as construed by the Ohio courts. Kentucky v. Dennison, 65 U. S. 66, 16 L. Ed. 717.

The requisites of an indictment under the statute have been stated by the Ohio courts and we think the papers presented to the Governor were sufficient within the rules there enunciated. Norris v. State, 25 Ohio St. 217, 18 Am. Rep. 291; Schleisinger v. State, 11 Ohio St. 669.

The affidavit charges that the accused did, on May 25, 1902, in Mahoning county, Ohio, unlawfully and falsely pretend to the North American Watch Company of Mansfield, Ohio, with intent to defraud said company, that he was the owner and proprietor of a dry

goods store in Youngstown, Ohio, which statement was false and known by accused to be false; that by means of the said false statement he obtained from the watch company jewelry worth $400. This was sufficient under the laws of Ohio.

A writ of habeas corpus does not enable the court granting it, or the appellate court, to review disputed questions of fact; it cannot be used as a substitute for a writ of error. Sternaman v. Peck, 80 Fed. 883, 26 C. C. A. 214. The court is not, therefore, at liberty to enter upon an investigation of the motives of the complaining witness or to decide what testimony the Governor should have received and considered. None of these questions are now open for review.

That the appellant was a fugitive from justice is manifest. To establish this proposition it was only necessary to show that he committed a crime in Ohio and when sought to be subjected to the criminal process of that state, he was found in New York.

There was testimony that the appellant was at Youngstown on the day that the false statement is alleged to have been made by him and he has not denied that he was there. The Governor had ample evidence to sustain the finding of fact that the appellant was a fugitive from justice and that finding is not open to review.

The last contention of the appellant, which we deem it important to consider, is that the Governor's writ is void because in violation of section 766 of the Revised Statutes [U. S. Comp. St. 1901, p. 597], which is as follows:

"Sec. 766. Pending the proceedings or appeal in the cases mentioned in the three preceding sections and until final judgment therein, and after final judgment of discharge, any proceeding against a person so imprisoned or confined or restrained of his liberty, in any state court or by or under the authority of any state for any matter so heard and determined, or in process of being heard and determined under such writ of habeas corpus, shall be deemed null and void."

As before stated the first writ of habeas corpus was allowed by the District Court on August 22d. It was designed to test the validity of the temporary commitment by Magistrate Pool. It was not served until the 23d of August, the day after the warrant of the Governor had issued. It is argued that because the writ had been allowed before the warrant was signed the latter was rendered nugatory and void.

The arrest by the magistrate was made pursuant to sections 828, 829 and 830 of the New York Code of Criminal Procedure, which provide for the preliminary apprehension of a fugitive from justice and his commitment for a period not exceeding thirty days to enable requisition to be made. It is a wise provision to prevent the escape of criminals pending the arrival of extradition papers from distant states.

The proceeding before the Governor was to determine whether the accused should be delivered to the Ohio authorities. The proceeding before Magistrate Pool was to determine whether sufficient appeared to warrant the detention of the accused to await the Governor's action. The two proceedings were as dissimilar as the hearings before a committing magistrate and before a grand jury. A dis-

charge by a magistrate does not preclude a subsequent investigation by a grand jury and it is not contended that a discharge by Magistrate Pool, for any reason, would have prevented the Governor from granting the requisition.

If nothing heard or determined by the magistrate could act as a bar to the proceeding before the Governor it is not easy to perceive how that proceeding can be regarded as in process of being heard and determined by the allowance of a writ the sole object of which was to test the validity of the magistrate's preliminary commitment. The construction contended for would, in many instances, render nugatory the extradition laws and would lead to the most unfortunate complications. If a discharge should be granted by the District Court in a case like the one at bar the Governor would be forever prevented from acting. If the hearing before the District Court should, for any reason, be postponed beyond the thirty day limit the accused could deliberately leave the prison and the state, and the Governor, and all other state officials, would be powerless to prevent it. Congress could not have intended that section 766 should be invoked to produce such untoward results. The purpose of the section is plain; it is to prevent the state authorities from doing an act which has been, or may be in a pending proceeding, declared unlawful by the federal courts. Jugiro v. Brush, 140 U. S. 291, 295, 11 Sup. Ct. 770, 35 L. Ed. 510; McKane v. Durston, 153 U. S. 684, 14 Sup. Ct. 913, 38 L. Ed. 867.

No court, so far as we have been able to investigate, has extended the provisions of the section so as to render nugatory the action of the executive authority of a state in circumstances similar to those disclosed by this record.

We are of the opinion that the authority of the Governor to order the extradition of the accused was not in process of being heard and determined under the first writ of habeas corpus allowed by the District Court.

The order is affirmed.