Ex parte GLUCKSMAN.

(Circuit Court, S. D. New York. February 6, 1911.)

1. EXTRADITION (§ 14*)—PROCEEDINGS—FINDINGS BY COMMISSIONER—SUFFICIENCY OF EVIDENCE.

In extradition proceedings it is sufficient that there is some evidence to warrant the commissioner in holding the accused person; proof sufficient to sustain a conviction on trial of an indictment is not required.

[Ed. Note.—For other cases, see Extradition, Cent. Dig. §§ 15, 16; Dec. Dig. § 14.*]

2. EXTRADITION (§ 14*)—PROCEEDINGS—EVIDENCE.

In proceedings to extradite one accused of forgery, the papers which were forged being sufficiently described, it was immaterial that they were referred to as "notes" and "bills of exchange."

[Ed. Note.—For other cases, see Extradition, Cent. Dig. §§ 15, 16; Dec. Dig. § 14.*]

3. EXTRADITION (§ 9*)—PROCEEDINGS—DESCRIPTION OF ACCUSED.

That the name of the person sought to be extradited was spelled differently in the Russian papers, and in the papers written in the English language, was immaterial; the person may be held under an alias without knowledge of his true name.

[Ed. Note.—For other cases, see Extradition, Cent. Dig. §§ 9, 10; Dec. Dig. § 9.*]

4. EXTRADITION (§ 14*)—SUFFICIENCY OF EVIDENCE IN EXTRADITION PROCEEDINGS.

Evidence *held* to warrant the commissioner in holding a person as the guilty party in extradition proceedings.

[Ed. Note.—For other cases, see Extradition, Cent. Dig. §§ 15, 16; Dec. Dig. § 14.*

Fugitives from justice under extradition laws, see note to In re Strauss, 63 C. C. A. 104.]

Writs of habeas corpus and certiorari for the arrest of Leibel Pincusov Glucksman, brought pending application for extradition. Writs dismissed.

Coudert Bros. and Charles A. Conlon, for demanding government.
Charles Dushkind, for defendant.

COXE, Circuit Judge. In the Matter of Sternaman (D. C.) 77 Fed. 595, I had occasion to examine the law applicable to proceedings of this character and find it unnecessary to repeat what was there said. That case was subsequently carried to the Circuit Court of Appeals (80 Fed. 883, 26 C. C. A. 214) which court also examined and stated the rules applicable to a proceeding of this character. The court says:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"The facts and circumstances proved authorized conflicting presumptions and probabilities as to her guilt or innocence, and it was the province of the commissioner to determine their import, and whether they were such as to justify him in exercising his power to commit her to custody pending the action of the department of state. No useful purpose would be subserved by an analysis or discussion of the evidence."

[1] It will be seen that, from the very nature of the proceeding, it is often impossible to obtain evidence necessary to sustain a conviction upon the trial of an indictment. Such proof is not required. It is enough that there is some evidence to warrant the commissioner in holding the accused person.

A confused mass of papers, some competent and others incompetent, have been submitted, without index or systematic arrangement of any kind. I have read all having any bearing upon the controversy and think they contain some proof to establish the following propositions:

First. That in the summer of 1910 forged papers were uttered by a leather merchant residing at Lodz in Russia, named Leiba Gliksman.

Second. That these papers were given in exchange for merchandise, the name of Moschek-Leiba Tugendreich being forged thereon.

Third. That the person who committed the forgery disappeared from Lodz prior to July 24, 1910.

Fourth. That Leibel Pincusov Glucksman, a leather merchant formerly living at Lodz, Russia, arrived at the Port of New York early in August, 1910.

Fifth. That the person so arriving in New York, except in the matter of age, he being apparently less than forty-five years old, answers the description sent from Russia of the person who forged the instruments.

Sixth. That the photograph attached to the papers sent from Russia is a photograph of the prisoner.

[2] I do not overlook the argument of counsel that the commercial paper which was forged is referred to indiscriminately as "notes" and "bills of exchange." In my view this is wholly immaterial. Even in this country such papers are often referred to as notes or bills. Such exact nicety of description as is argued by the counsel for the prisoner is not required in a preliminary proceeding of this character.

[3] The papers which were forged being sufficiently described, it makes no difference what name is applied to them. It is a crime to forge and utter any piece of commercial paper, whether it be called a bill or a note and whether the sum named therein be large or small.

As before observed, this is not a trial upon an indictment, but a preliminary proceeding, the object of which is to bring the offender before a court having jurisdiction to try and punish him. Proof that the prisoner uttered a single forged note or bill of exchange is sufficient to justify his extradition. I also attach very little importance to the fact that the name of the prisoner is spelled differ-

ently in the various papers. In the Russian papers it is spelled Leïba Gliksman and in the papers written in the English language it is frequently spelled Lewek Glucksman, the difference, it is thought, being largely attributable to whether Polish, Russian or Yiddish is used. In any event, it is immaterial; if the prisoner be the person who committed the forgery he may be held under an alias, without any knowledge of his true name.

[4] The only question which causes me any difficulty is the question of identity. It would be more satisfactory if some one who knew the prisoner in Lodz could point him out as the forger or the person who passed the forged instruments. However, after examining all the relevant papers submitted, I am unable to say that the Commissioner was without proof in holding the prisoner as the guilty party.

Writs dismissed.