## STATE EX REL. MIKE WEISMAN v. J. J. SULLIVAN.[1]

March 28, 1924.

No. 23,822.

**Conviction sustained in spite of pendency of appeal in Federal court.**
    A judgment of conviction of the relator in a state court *held* not void under R. S: § 766, Comp. St. § 1292, because, at the time of the trial of the indictment resulting in the conviction, there was pending in the United State circuit court of appeals an appeal from an order of the United States district court discharging a writ of habeas corpus issued upon the petition of the relator.

Upon the relation of Mike Weisman the district court for Washington county granted its writ of habeas corpus directed to J. J. Sullivan, warden of the state prison. From an order, Searles, J., discharging the writ, relator appealed. Affirmed.

*E. S. Cary* and *F. W. Booth*, for relator.
*Floyd B. Olson*, for respondent.

[1]Reported in 198 N. W. 309.

PER CURIAM.

Upon the relation of Mike Weisman a writ of habeas corpus issued on August 30, 1923, from the district court of Washington county to J. J. Sullivan, warden of the state prison, at Stillwater, in that county. Upon the hearing the writ was discharged. The relator appeals.

The warden held the relator in custody on a commitment upon a judgment of conviction entered in the district court of Dakota county in June, 1921. At the time of the trial and conviction there was pending in the circuit court of appeals an appeal by Weisman, perfected March 1, 1921, from an order discharging a writ of habeas corpus issued on his petition February 22, 1921, by the United States district court of Minnesota to Earle Brown, sheriff of Hennepin county. This order was affirmed on June 2, 1922. U. S. v. Brown, 281 Fed. 657.

Many of the facts involved on the appeal at bar are recited in the opinion of the circuit court of appeals. The question is whether the judgment of conviction in Dakota county is void under R. S. U. S. § 766, Comp. St. § 1292, which provides that when there is an appeal in habeas corpus "pending the proceedings or appeal * * * and until final judgment therein, and after final judgment of discharge, any proceeding against the person so imprisoned or confined or restrained of his liberty, in any state court, or by or under the authority of any state, for any matter so heard and determined, or in process of being heard and determined, under such writ of habeas corpus, shall be deemed null and void."

On June 17, 1919, the relator was indicted for keeping a house of ill-fame in Minneapolis, Hennepin county. The indictment was twice tried, resulting each time in a disagreement. In the habeas corpus proceeding in the United States district court Weisman claimed that an agreement was made, after these trials, with the grand jury and the officers of the county that, if he would testify before the grand jury as to vice conditions in a described portion of Minneapolis, the indictment would be dismissed; that he would be given immunity; and that he testified and performed his part

of the agreement. The 1919 indictment was dismissed. He claimed further that he testified in the United States court under promise of immunity, and under a like promise in proceedings before the Governor of Minnesota. This testimony related to charges of bribery, and bore, he claims, upon the subject matter of the subsequent indictments. On November 3, 1920, five indictments were returned charging him either with keeping a house of ill-fame, or permitting a building to be used as such. He moved to quash these indictments and failed. He sought relief in the supreme court by prohibition and failed. On February 22, 1921, he obtained from the United States district court the writ of habeas corpus, to which reference has been made. The sheriff objected to the jurisdiction on the ground that the relator was not restrained of his liberty. He was not in the sheriff's custody. The court was of the view that the point was well taken, but, it appearing that the relator, being on bail, could at any time be surrendered to the sheriff, "the objection was passed, without prejudice," and the sheriff then filed a formal return. The concluding portion of the order discharging the writ is as follows:

"That said writ of habeas corpus be discharged, for the reason that in the opinion of the court no special emergency or legal question was involved on said application and return that could not be presented and determined in the Hennepin county district court upon the trial of the case in that court, and that none of the federal constitutional questions were presented upon said hearing that could not be determined by said district court, or in the due course of the said trial by the United States Supreme Court upon appeal or writ of error."

Though the power exists, it is the fundamental rule of the Federal courts that they will not ordinarily interfere by habeas corpus, though one is in the custody of state officers in violation of the Federal Constitution, but will leave him to his remedy in the state courts. Urquhart v. Brown, 205 U. S. 179, 27 Sup. Ct. 459, 51 L. ed. 760; Minnesota v. Brundage, 180 U. S. 499, 21 Sup. Ct. 455, 45 L. ed. 639.

On the trial of one of the indictments in Hennepin county there was a disagreement. In March, 1921, Weisman applied for a change of venue, and the trial was transferred to Dakota county. Upon the trial there in June, 1921, the relator was convicted. He seasonably protested against the trial because of the pendency of his appeal in the habeas corpus proceeding. He did all that could be done to save his claimed rights. After conviction he appealed to this court. He failed to proceed with his appeal and it was dismissed. He has now no right of appeal. He has no remedy in the state court unless on habeas corpus. At the date of the order discharging the writ in the lower court it seems that the order dismissing the appeal had not been entered; however, the appeal from the district court of Washington county in the habeas corpus proceeding is a trial de novo in this court.

The claim of the relator, when he applied to the United States district court, was that the trial of the Hennepin county indictments would violate his promised immunity, would result in effect in compelling him to testify against himself, and would put him twice in jeopardy. His allegations are in these respects general. A mere conclusion of law is insufficient. Kohl v. Lehlback, 160 U. S. 293, 16 Sup. Ct. 304, 40 L. ed. 432.

Section 7 of article 1, of the Constitution, provides that no person shall be compelled to be a witness against himself. Amendment 5 of the Federal Constitution has a similar provision. In referring to it in Ensign v. Commonwealth of Pennsylvania, 227 U. S. 592, 33 Sup. Ct. 321, 57 L. ed. 658, the court said:

"Article 5 of the amendments to the Federal Constitution is invoked, which provides 'No person * * * shall be compelled in any criminal case to be a witness against himself.' But, as has been often reiterated, this amendment is not obligatory upon the governments of the several states or their judicial establishments, and regulates the procedure of the Federal courts only."

The same principle applies to the guaranty against being put twice in jeopardy. Brantley v. Georgia, 217 U. S. 284, 30 Sup. Ct. 514, 54 L. ed. 768.

The writ of habeas corpus is issued by a Federal court in aid of a person alleged to be restrained of his liberty in violation of the Constitution of the United States, not of the state, or in violation of some law or treaty of the United States. Matters v. Ryan, 249 U. S. 375; Carfer v. Caldwell, 200 U. S. 293, 26 Sup. Ct. 264, 50 L. ed. 488; R. S. § 753, Comp. St. § 1281. The restraint must be actual. Stallings v. Splain, 253 U. S. 339, 40 Sup. Ct. 537, 64 L. ed. 940; Wales v. Whitney, 114 U. S. 564, 5 Sup. Ct. 1050, 29 L. ed. 277.

The court of appeals sustained the jurisdiction of the United States district court, denied the motion of the relator to dismiss an injunction which it had issued against the Dakota county officials, apparently after the conviction, in protection of its jurisdiction in the habeas corpus proceeding, and affirmed on the merits the order discharging the writ. In referring to the merits it said that "a careful consideration of the facts disclosed by the petition for the writ, the return of the sheriff, the affidavit, and the arguments and briefs of counsel, have left no doubt that this case was not one of those exceptional cases in which it was the duty of the court to discharge the petitioner, but that it was one of those cases in which the claims of the petitioner that he was or was to be placed twice in jeopardy and deprived of his promised immunity from prosecution and testifying in violation of the Constitution of the United States, if these claims were well founded, could be perfectly protected and enforced by the presentation of them to the state court at the trial of the case under the indictment, and, in case those claims were not sustained, by a writ of error to the supreme court of the United States."

Weisman was not legally wronged because of the facts alleged in his writ in the United States court. He concededly was not in the custody of the sheriff when the writ was issued or heard. It is clear that he had no constitutional right, under the Federal Constitution, about to be violated when the writ was issued. The Hennepin district court, so it appears from the return of the sheriff to the writ in the United States district court, found that the promise of immunity to him had not been violated. This is not, perhaps, of importance, for the Federal court would not have

granted him relief for such cause, but would have left him to his ordinary remedies. Upon his own motion the trial was transferred to Dakota county. He was not confined or restrained for a matter heard in the United States district court or to be determined on the appeal from its order discharging the writ. The pending appeal to the circuit court of appeals did not, because of section 766, render the Dakota county conviction void.

The view stated is that of the majority. Chief Justice Wilson and Justice Dibell are not in accord with it. They agree that Weisman had no just ground for relief in his habeas corpus proceeding. His petition for a writ might have been denied. But it was granted. There was a hearing and determination upon the writ, resulting in its discharge, which was followed by an appeal. It does not seem to them that a different result could well have been reached in either court. But there was jurisdiction in both Federal courts. The issue was for them. Weisman was before them on some claim of Federal right and they were discharging judicial duties. Some court had to determine the issues. The jurisdiction of the Federal courts was not to be denied or overlooked or disregarded while they were exercising it. It was to be respected during the pending of the habeas corpus proceeding, section 766 was to be given effect, and the result reached by the Federal court, whether for or against Weisman, accepted. The circuit court of appeals said:

"There is a fundamental distinction between the facts essential to the jurisdiction of the district court over the subject-matter and the parties, and the facts indispensable to entitle the petitioner to have the court exercise its jurisdiction to grant the relief he seeks. In a civil action a complaint which fails to state facts sufficient to warrant the exercise of its jurisdiction in favor of the plaintiff and the service of a summons to answer it brings the case and party within the jurisdiction of the court to hear and decide: (1) Whether or not it has jurisdiction of the subject-matter and the parties; and (2) whether or not the facts presented by the pleadings and evidence, if any, entitle either of the parties to the relief they respectively seek. * * *

"The question whether or not the relator was restrained of his liberty by the sheriff, or was out on bail and not within the custody of the sheriff, did not condition the jurisdiction of the District Court under the proceeding for the writ, because that jurisdiction attached when the petition was presented to the judge. It did condition the relief he should grant, and hence the merits of the case."

Speaking of the order which it issued enjoining the Dakota county officers, it said:

"Section 766, Revised Statutes, as amended (Section 1292, Comp. St.), and the three sections preceding it provide, that pending the appeal to this court in such a case as that in hand, and until final judgment on the appeal, any proceeding against the relator therein in any state court for any matter in process of being heard and determined under such writ of habeas corpus as that herein involved, shall be deemed null and void, and such proceedings in violation of this prohibition have been repeatedly held to be void. * * * If the prosecution of the charge under the indictment proceeded in the state court to trial, conviction, sentence, and imprisonment pending this appeal, and this court sustained the appeal thereafter, its jurisdiction and power to grant relief to the petitioner would have been impaired, if not destroyed. This court had jurisdiction of the appeal, and the power had been granted to it and the duty imposed upon it to protect and preserve its jurisdiction and its power to give effect to its judgment unimpaired. Even if the court below had had no jurisdiction of the habeas corpus proceeding, and if this court had had no jurisdiction of the appeal, still it would have been its duty to make the restraining order and to preserve existing conditions until it could hear and decide the questions whether or not the court below had jurisdiction of the proceedings and whether or not this court had jurisdiction of the appeal, for so the supreme court had decided."

And in U. S. v. Shipp, 203 U. S. 563, 27 Sup. Ct. 165, 51 L. ed. 319, 8 Ann. Cas. 265, involving a contempt proceeding growing out of an appeal from the United States circuit court to the United States Supreme Court in habeas corpus, the court [at page 573] said:

"It has been held, it is true, that orders made by a court having no jurisdiction to make them may be disregarded without liability to process for contempt. * * * But even if the Circuit Court had no jurisdiction to entertain Johnson's petition, and if this court had no jurisdiction of the appeal, this court, and this court alone, could decide that such was the law. It and it alone necessarily had jurisdiction to decide whether the case was properly before it. On that question, at least, it was its duty to permit argument and to take the time required for such consideration as it might need. * * * Until its judgment declining jurisdiction should be announced, it had authority from the necessity of the case to make orders to preserve the existing condition and the subject of the petition, just as the state court was bound to refrain from further proceedings until the same time. R. S. U. S. § 766; act of March 3, 1893, c. 226, 27 St. 751. The fact that the petitioner was entitled to argue his case shows what needs no proof, that the law contemplates the possibility of a decision either way, and therefore must provide for it. Of course the provision of Rev. Stat. § 766, that until final judgment on the appeal further proceedings in the state court against the prisoner shall be deemed void, applies to every case. There is no implied exception if the final judgment shall happen to be that the writ should not have issued or that the appeal should be dismissed."

If the result on habeas corpus in the Federal court had been favorable to Weisman, he would have been entitled to his liberty notwithstanding his conviction in Dakota county; and, as said in the Shipp case, the applicability of section 766 is not dependent upon the result in the habeas corpus proceeding.

The view of the majority leads to an affirmance of the order of the district court of Washington county and the discharge of the writ.

Order affirmed and writ discharged.