## STATE EX REL. CHARLES H. GRAVES v. FRANK W. BRUNSKILL AND ANOTHER.[1]

### May 21, 1926.

### No. 25,585.

**When Federal statute does not stay enforcement of conviction in state court.**

Section 766 of the statutes of the United States provides in effect that a judgment in a state court, convicting a person of a criminal offense, cannot be enforced during the pendency of an appeal from an order of a Federal court discharging a writ of habeas corpus by which the validity of the judgment was brought into question. The pendency of such an appeal does not stay the enforcement of another judgment of conviction rendered by the state court in another prosecution for a similar offense separate and distinct from the offense involved in the proceeding in the Federal court.

Criminal Law, 16 C. J. p. 1333 n. 39 New.

[1]Reported in 209 N. W. 24, 210 N. W. 110.

Relator appealed from an order of the district court for Hennepin county, Nordbye, J., discharging a writ of habeas corpus. Affirmed.

*Russell C. Rosenquest,* for relator.

*William H. Oppenheimer* and *Gilbert E. Harris,* for respondents.

LEES, C.

Appeal from an order of the district court of Hennepin county discharging a writ of habeas corpus.

It appears from the petition for the writ that in January, 1926, relator was convicted, in the municipal court of the city of Minneapolis, of the offense of practicing dentistry without a license and sentenced to imprisonment for 30 days. The charge against him was made under G. S. 1913, § 5018 (G. S. 1923, § 5760). Contending that the statute contravenes the Fourteenth Amendment to the Federal Constitution, relator obtained a writ of habeas corpus from the United States District Court. At the hearing, the writ was discharged and relator appealed to the Circuit Court of Appeals, where the matter is pending. Prior thereto, relator had been convicted of a similar offense and had been sentenced by the municipal court to imprisonment for 30 days in the Minneapolis workhouse. The judgment of conviction was rendered in November, 1923, but a warrant of commitment was not issued until April, 1926, when relator was taken into custody by the respondents herein. To obtain a release, he applied at once to the district court of Hennepin county for a writ of habeas corpus. The petition for the writ alleged that his confinement was illegal because of the pendency of the appeal from the order of the United States District Court mentioned above.

The respondents' return to the writ states that the relator appealed to the supreme court of Minnesota from the judgment rendered by the municipal court in November, 1923; that the judgment was affirmed and the case remanded in January, 1925; that the judgment of affirmance was carried to the Supreme Court of the United States by writ of error, but was not considered on the merits for the reason that relator voluntarily dismissed the writ, whereupon the judgment was affirmed, and after the case came back

the warrant of commitment was issued, under which relator is now in respondents' custody.

No evidence was offered at the hearing, the matter being submitted on the petition, the writ and the return.

After taking the appeal to this court, relator stipulated with the respondents that no referee need be appointed to take evidence and that the appeal should be heard on the record and files sent up by the district court.

At the outset respondents call attention to the habeas corpus statute, which reads in part as follows:

Sec. 9739 [G. S. 1923]. "Every person imprisoned or otherwise restrained of his liberty, except persons committed or detained by virtue of the final judgment of any competent tribunal of civil or criminal jurisdiction, or by virtue of an execution issued upon such judgment, may prosecute a writ of habeas corpus to obtain relief from such imprisonment or restraint, if it proves to be unlawful."

Sec. 9742. "The petition shall state in substance  *  *  *  that such person is not committed or detained by virtue of any process, judgment, decree, or execution as hereinbefore specified."

Sec. 9752. "The officer shall forthwith remand such person, if it appears that he is detained in custody  *  *  *  by virtue of the final judgment of a competent court of civil or criminal jurisdiction, or of an execution issued upon such judgment."

It is clear that relator is in the respondents' custody by virtue of a warrant of commitment issued upon the final judgment of a competent court of criminal jurisdiction, and it would seem that this alone is sufficient justification for the order of the district court discharging the writ.

But relator's counsel has argued with great earnestness that, under the facts set out in his petition for the writ which have not been controverted, the commitment is utterly void by reason of the provisions of § 766 of the statutes of the United States. The zeal with which the argument is pressed leads us to consider briefly the purpose and effect of that section, reading its provisions in the light of decisions to which our attention has been invited.

In re Jugiro, 140 U. S. 291, 11 Sup. Ct. 770, 35 L. ed. 510, the court said:

"Of the object of the statute there can be no doubt. It was—in cases where the applicant was held in custody under the authority of a state court or by the authority of a state—to stay the hands of such court or state, while the question as to whether his detention was in violation of the Constitution, laws or treaties of the United States, was being examined by the courts of the Union having jurisdiction in the premises."

This was repeated in McKane v. Durston, 153 U. S. 684, 14 Sup. Ct. 913, 38 L. ed. 867, and in Rogers v. Peck, 199 U. S. 425, 26 Sup. Ct. 87, 50 L. ed. 256, this was said:

"The object of this statute is apparent. It requires the state courts and authorities to make no order and entertain no proceeding which shall interfere with the full examination and final judgment in a habeas corpus proceeding in the Federal courts * * * and in no wise to interfere with the judgment if it shall result in a restoration of the petitioner's freedom when wrongfully imprisoned or restrained. * * * The statute aims to entirely prevent action which shall interfere with the perfect freedom of the Federal courts to inquire into the case and make such orders and render such judgment as they shall see fit."

In re Strauss, 63 C. C. A. 99, 126 F. 327, the court said:

"The purpose of the section is plain; it is to prevent the state authorities from doing an act which has been, or may be in a pending proceeding, declared unlawful by the federal courts."

In In re McCready, 179 Cal. 514, 177 Pac. 459, the supreme court of California considered a case in which the petitioner had been sentenced by the superior court of Los Angeles county to a term of imprisonment. After serving a portion of the term, he applied to the United States District Court for a writ of habeas corpus, claiming that the judgment under which he was imprisoned was void. While considering the question, the United States District Court returned the petitioner to the custody of the warden of the state

prison, and he was taken before the superior court and resentenced. The Federal court then dismissed the writ. The petitioner then obtained a writ of habeas corpus from the state court and attacked the validity of the judgment resentencing him. It was his claim that the judgment was void because it was pronounced against him at a time when he was subject to the exclusive jurisdiction of the Federal court by virtue of the writ of habeas corpus which that court had issued. It was held in the United States District Court and in the Supreme Court that § 766 was not applicable to the case for the reason that the superior court, in treating its first judgment and sentence as void and in proceeding to enter a second judgment and in enforcing it, was not acting in any matter pending or in process of being heard and determined in the United States District Court.

Section 766 was considered in State ex rel. Weisman v. Sullivan, 158 Minn. 473, 198 N. W. 309. Weisman was convicted of an offense after a trial in the district court of Dakota county. At the time of his conviction, there was pending in the Circuit Court of Appeals an appeal from an order discharging a writ of habeas corpus he had obtained from the United States District Court. It was contended that the judgment of conviction was void because of the pendency of the appeal, but the contention was overruled by a divided court.

If § 766 was not applicable under the facts in that case, it seems clear that it cannot have any application in the instant case where two separate prosecutions for two distinct offenses are involved.

The reasoning of the cases cited leads to the conclusion that the relator does not come within the provisions of § 766. He is in the custody of the respondents by virtue of a judgment rendered in a criminal prosecution for an offense committed in 1923. The offense of which he was convicted in 1926 was a separate and distinct offense. The two judgments do not relate to the same matter. The second judgment is the only one before the Federal court. The pendency of the appeal from the order of the United States District Court stays the enforcement of this judgment, but it has no effect

upon the earlier one. By the enforcement of the first judgment, the state court is not proceeding against relator in a matter pending in the Federal court, and it cannot be said that a holding to that effect is in violation of § 766. True, the relator's contention in both cases was that the state statute under which he was convicted is unconstitutional, but § 766 does not prevent successive prosecutions for repeated offenses under a statute alleged to be void by reason of some provision of the Federal Constitution.

Order affirmed.

On August 6, 1926, the following opinion was filed:

PER CURIAM.

The judgment of the district court of Hennepin county of date July 22, 1926, discharging the writ of habeas corpus of date April 19, 1926, is affirmed for the reasons in the opinion of this court of date May 21, 1926, on the appeal of the relator from the order of said district court discharging the writ.