[Crim. No. 446. Third Appellate District.—June 26, 1918.]

THE PEOPLE, Respondent, v. ERNEST G. BOOTH, Appellant.

CRIMINAL LAW — VOID SENTENCE — INDETERMINATE TERM—PRONOUNCEMENT OF SECOND SENTENCE—POWER OF COURT.—A judgment in a criminal case sentencing the defendant for an indefinite term upon conviction of a crime committed prior to the enactment of the indeterminate sentence law is void, and the court has jurisdiction to pronounce a second sentence for a fixed term of imprisonment.

APPEAL from a judgment of the Superior Court of Butte County. H. D. Gregory, Judge.

The facts are stated in the opinion of the court.

No appearance for Appellant.

U. S. Webb, Attorney-General, and J. Chas. Jones, Deputy Attorney-General, for Respondent.

HART, J.—On the twentieth day of September, 1917, the defendant was charged by information filed by the district attorney of Butte County in the superior court of said county with the crime of forgery, alleged to have been committed on or about the eighth day of the preceding month of June. On the said twentieth day of September, upon being duly arraigned upon said information, the defendant entered a plea of guilty to the crime therein charged, and the court thereupon fixed Monday, September 24, 1917, at 10 o'clock A. M., as the time for the pronouncement of judgment of sentence, and on the day last mentioned the court, after due proceedings, sentenced the accused to be punished by imprisonment in the state prison at San Quentin ''for the indeterminate term of one to fourteen years.'' The defendant was thereafter and in due time delivered by the sheriff to the custody of the warden of the state prison at San Quentin.

On the eighteenth day of March, 1918, and after serving six months in the state prison, the defendant addressed to the judge of the superior court of Butte County a letter in which he called the attention of the judge to the case of *Ex parte Lee,* 177 Cal. 690, [171 Pac. 958], on *habeas corpus,* and declared that, under the ruling in that case, the judgment sentencing him (defendant) to an indeterminate term was voidable, inasmuch as the crime for which he had been sentenced was committed before section 1168 of the Penal Code, authorizing indeterminate sentences, went into effect, the supreme court holding in the Lee case that the said section, as to defendants whose offenses had been committed prior to its enactment, was *ex post facto,* and, therefore, unconstitutional and void. Upon receiving and reading the said letter, the court, recognizing that error had been committed in the matter of pronouncing judgment of sentence against the defendant, made an order for the return of the prisoner into court to the end that a legal judgment might be pronounced and entered in the case. In pursuance of said order, the defendant was, on the twenty-second day of March, 1918, brought into court by the sheriff, and, after due proceedings,

the court sentenced the defendant to serve a term of five years in the state penitentiary at San Quentin. The defendant thereupon in open court gave notice of an appeal from the judgment so pronounced and entered.

The case was placed on the calendar of the June term of this court, and all the parties duly notified thereof. When the case was called in the regular order for argument, no one appeared for the defendant, and, as no brief had been filed (and it may be added none has since been filed) in support of whatever point or points the defendant intended to rely upon, the attorney-general submitted the case on the record, and so it now stands for our consideration.

We would have been justified in affirming the judgment without presenting, as above we have, a history of the case; but it appears from the record that the defendant has at all times been without the aid of counsel, and we conceived that it was only just to him to reproduce herein the facts as to the proceedings in the case, and thus show that there is no legal merit whatever in his appeal. The purported judgment originally pronounced was in a legal sense no judgment at all. Of course, it will not be contended that the court, under the circumstances indicated herein, lost jurisdiction to pronounce a valid judgment of sentence against the defendant.

The judgment is affirmed.

Chipman, P. J., and Burnett, J., concurred.