[Crim. No. 458.    Third Appellate District.—October 24, 1918.]

## In the Matter of the Application of LOUIS GERMINO for a Writ of Habeas Corpus.

CRIMINAL LAW — ERRONEOUS OR INVALID INDETERMINATE SENTENCE — RESENTENCE—JURISDICTION.—Where an indeterminate sentence is erroneous or invalid for the reason that the crime of which the defendant was found guilty was committed before the indeterminate sentence law took effect, the trial court did not lose jurisdiction to resentence the defendant by a proper or valid judgment, notwithstanding the time within which, under section 1191 of the Penal Code, sentence was required to be pronounced after a plea or verdict of guilty had passed when the latter sentence was imposed.

APPLICATION for a Writ of Habeas Corpus directed to the warden of the State Prison at San Quentin.

The facts are stated in the opinion of the court.

Louis Germino, *in pro. per.*, for Petitioner.

HART, J.—Petitioner was convicted of the crime of rape in the superior court of Fresno County, alleged to have been committed in said county on the ninth day of April, 1917, upon a certain female of the age of twelve and a half years. On the fifteenth day of February, 1918, he was sentenced by said court to a term of not less than five years. Thereupon, and in due time after the pronouncement of said sentence, the petitioner was delivered into the custody of the warden of the state prison at San Quentin, upon a commitment duly

38 Cal. App.—32

issued upon said judgment of sentence. On the nineteenth day of April, 1918, the superior court of said county, after declaring that the sentence so pronounced, being under the indeterminate sentence law (Pen. Code, sec. 1168, as added by Stats. 1917, p. 665), was invalid, by reason of the fact that the crime for which the petitioner was so sentenced was committed prior to the time at which the law authorizing and requiring judgments of sentence in criminal cases to be indeterminate as to the term of sentence went into effect, made an order in legal form for the return of the prisoner before said court, then and there to receive a sentence upon said conviction, "according to the law of the state, existing at the time of the commission of said offense," etc. In pursuance of said order, the prisoner was brought before said court on the first day of May, 1918, and, after due legal formalities, was sentenced by the court to a term of five years in the Folsom state prison.

The petitioner, who is not represented by an attorney, but appears in his own behalf (for which reason we depart from our usual practice of filing no opinion giving reasons for denying an application for an alternative writ or an order to show cause), contends that the court below lost jurisdiction to impose the second sentence, and that, therefore, said judgment of sentence is void. No argument or points and authorities accompanied the application for the writ, but we conjecture that the specific ground upon which the petitioner maintains that the court was without jurisdiction to resentence him is that the time within which, under section 1191 of the Penal Code, sentence is required to be pronounced after a plea or a verdict of guilty in a criminal case, had passed when said sentence was imposed. There is, in our judgment, no merit in the contention.

In *People* v. *Booth,* 37 Cal. App. 650, [174 Pac. 685], a situation similar to the one here arose, and therein we held that the court did not lose jurisdiction to pronounce a proper or valid judgment.

In the case of *People* v. *Gonzales,* 36 Cal. App. 782, [173 Pac. 407], the judgment of sentence fixed the maximum penalty for robbery, of which the defendant was convicted, at fifteen years, the crime having been committed after the indeterminate sentence law went into effect. This court properly held that the judgment of sentence should have been in accord

with the provisions of the indeterminate sentence law, and that, not being so, it was informal, and for that reason the judgment was reversed and the cause remanded, with a direction to the trial court to pronounce a proper and valid judgment.

In *People* v. *Mendosa,* 178 Cal. 509, [173 Pac. 998], the trial court, in sentencing the defendant, who was convicted of a crime committed after the indeterminate sentence law went into effect, sentenced the accused to imprisonment "for a period of not less than one nor more than five years." The sentence so pronounced was obviously contrary to the provisions of section 1168 of the Penal Code, requiring indeterminate sentences to be pronounced in criminal cases, and the judgment was reversed for that reason only, the court holding: "Where an erroneous judgment is pronounced for failure to comply with the provisions of the 'indeterminate sentence law,' it is not necessary to have a new trial, but the superior court directed to pronounce a proper judgment."

The significance of the above-mentioned cases in their application to the case before us is that, in each of them, the time fixed by section 1191 of the Penal Code for the passing of judgment of sentence after a plea or verdict of guilty had gone by when the defendants were resentenced. Of course, it cannot logically be contended that there is in principle any difference between the fact that an appellate court may order the trial court to resentence the defendant and the fact that the trial court, having discovered that it had pronounced an erroneous or informal judgment, upon its own motion again arraigns the defendant upon the verdict of conviction and thereupon sentences him in accordance with the law. In other words, the jurisdiction of the superior court again to pronounce judgment of sentence according to the requirements of the law can no more be lost by lapse of time in the one case than in the other.

It is true that the provisions of section 1191 of the Penal Code are mandatory, but we do not conceive that they were intended to be applied to a case where, as in the present case, a judgment of sentence is merely irregular in form. The sentence of *imprisonment* in the case above referred to and in this case is the real gist or substance of the judgment of sentence, and the error in fixing or attempting to fix therein a definite term of imprisonment, where the indeterminate

sentence law applies, is a mere irregularity. Indeed, that part of the judgment fixing a specific term of years of imprisonment in such a case is surplusage, and, in our opinion, ought to be disregarded as of no consequence in its effect upon the judgment. And where the indeterminate sentence law does not apply, the omission to fix the term of imprisonment in the judgment of sentence is likewise a mere irregularity. In either case, there can be no just reason for holding that the irregularity is not subject to correction without offending section 1191, either in its letter or spirit. This really would not, in legal effect, result in the rendition of a new judgment, but only the amendment of a judgment already rendered.

The petition for the writ will have to be denied, and it is so ordered.

Chipman, P. J., and Burnett, J., concurred.