[Crim. No. 616.   Second Appellate District, Division One.—December 11, 1918.]

## THE PEOPLE, Respondent, v. WILLIAM A. C. SCOTT, Appellant.

CRIMINAL LAW—ERRONEOUS SENTENCE—RIGHT TO NEW TRIAL.—A defendant in a criminal action is not entitled to a new trial under section 1202 of the Penal Code, which provides that a new trial should be granted in a criminal case unless judgment is pronounced within the time limited in section 1191 of such code, where sentence has been pronounced, although erroneously, under the indeterminate sentence law, for a crime committed before the enactment of such law.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial.   T. L. Lewis, Judge.   Affirmed.

The facts are stated in the opinion of the court.

E. L. Johnson for Appellant.

U. S. Webb, Attorney-General, and Joseph L. Lewinsohn, Deputy Attorney-General, for Respondent.

CONREY, P. J.—The defendant was convicted of the crime of rape, committed on or about the twenty-eighth day of June, 1917, upon a female whose age was more than eighteen years. According to section 264 of the Penal Code, that crime is punishable by imprisonment in the state prison not more than fifty years. According to a statute which became effective on the twenty-seventh day of July, 1917, the Penal Code was amended by adding thereto a new section, numbered 1168, wherein it is provided that ''every person convicted of a public offense, for which public offense punishment by imprisonment in any reformatory or the state prison is now prescribed by law, . . . shall be sentenced to be confined in the state prison, but the court in imposing such sentence shall not fix the term or duration of the period of imprisonment.'' It was further provided that the period of such confinement shall not exceed the maximum or be less than the minimum term of imprisonment provided by law for the public offense of which such person was convicted. Pursuant to the verdict rendered against the defendant in this case, the superior court, on the eighteenth day of September, 1917, ordered and adjudged that the defendant be punished ''by imprisonment in the state prison of the state of California.'' Thereafter, by order of court made on the tenth day of May, 1918, the defendant was returned to the superior court of San Diego County ''to be sentenced upon said conviction according to the law of said state existing at the time of the commission of said offense, to wit, on or about the 28th day of June, 1917, and prior to the taking effect of said indeterminate sentence law.'' Defendant having been brought before the court on the thirteenth day of May, 1918, for sentence, the defendant moved for a new trial solely upon the ground that the sentence is not pronounced within the time limited by section 1202 of the Penal Code. The court denied that motion and pronounced judgment upon the defendant that he be punished by imprisonment in the state prison of the state of California at

San Quentin for the term of ten years. The defendant appeals from the judgment so rendered on the thirteenth day of May, 1918, and from the order denying his said motion for a new trial.

In *Ex parte Lee,* 177 Cal. 690, [171 Pac. 958], a *habeas corpus* proceeding, it appeared that the petitioner was being held in imprisonment under an indeterminate sentence for a crime committed on the sixteenth day of May, 1917. The supreme court held that section 1168 of the Penal Code was unconstitutional and *ex post facto* as to the petitioner, whose offense was committed before the enactment of that law; nevertheless, the court refused to discharge the petitioner from custody, and directed that he be delivered to the sheriff of the county of Mendocino, to whose custody he was thereby remanded for judgment by the superior court of that county upon the conviction. In making that order, the court said: "Having been tried and found guilty of the crime of manslaughter, as appears from the return to the writ, the petitioner is not entitled to an absolute discharge, but must be returned to the superior court of Mendocino county for sentence. (Sec. 1493, Pen. Code.) Section 1202, Penal Code, providing that a new trial should be granted unless judgment is pronounced within the time limited in section 1191, Penal Code, has no application to a case of this kind in which a sentence has been imposed." Section 1191 of the Penal Code establishes certain limitations upon the time for pronouncing judgment. Those limitations do not in any case permit the court to pronounce judgment at a time more than one hundred fifteen days from the date of the verdict. Section 1202 of the Penal Code provides that if the judgment be not rendered or pronounced within the time permitted by section 1191, "then the defendant shall be entitled to a new trial."

In *Rankin* v. *Superior Court,* 157 Cal. 189, [106 Pac. 718], the supreme court construed sections 1191 and 1202 as mandatory in their terms, and held that where sentence is not pronounced in a criminal case within the time prescribed by section 1191, and the defendant applies for a new trial on that ground, it is the imperative legal duty of the trial court to grant the application. Nevertheless, the same court, as we have seen, held in *Ex parte Lee* that the rule "has no application to a case of this kind in which a sentence has been imposed." See, also, *Matter of the Application of Germino for*

*a Writ of Habeas Corpus,* 38 Cal. App. 497, [176 Pac. 701], being a decision rendered by the third appellate district on October 24, 1918; *People* v. *Booth,* 37 Cal. App. 650, [174 Pac. 685] ; *People* v. *Mendosa,* 178 Cal. 509, [173 Pac. 998].

The contentions of appellant are that for the reason stated in his motion he was entitled to a new trial; that as soon as the defendant's imprisonment in the state prison began under the first sentence the power of the court to pronounce judgment against him was exhausted and its jurisdiction to recall, annul, or change its judgment was at an end.     Although these matters were not fully discussed in *Ex parte Lee, supra,* we do not agree with the claim that the court's decision thereon was mere *dictum.*     Having reached its conclusion upon the main question presented in that case, it was necessary for the court to determine whether the petitioner was entitled to discharge from custody or whether, on the other hand, he might be remanded to the lower court for resentence.     In accordance with the law, as declared in that decision, the judgment appealed from in this case is affirmed, and the order denying defendant's motion for a new trial is affirmed.

James, J., and Myers, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 6, 1919.

All the Justices concurred.