[Crim. No. 2209. In Bank.—December 16, 1918.]

In the Matter of the Application of HENRY FRITZ for a Writ of Habeas Corpus.

CRIMINAL LAW—INDETERMINATE SENTENCE—OFFENSE PRIOR TO ENACTMENT — VOID SENTENCE — PROCEDURE.—The indeterminate sentence law which went into effect in the month of July, 1917, is *ex post facto* as to offenses committed prior to such enactment, and judgments imposing such sentences upon offenders whose offenses were committed before such time are void, but the defendants are not entitled to discharge, but should be returned to the superior court for proper sentence.

ID.—ERRONEOUS SENTENCE—SECOND SENTENCE—TIME FOR DISCHARGE.— Where an offender erroneously sentenced for a term of not less than one nor more than ten years had served ten months under such in-

determinate sentence, and two months under a second sentence of one year, he is not entitled to his discharge, since the second sentence was the original and only legal sentence.

APPLICATION for a Writ of Habeas Corpus originally made to the Supreme Court to secure release from state prison.

The facts are stated in the opinion of the court.

Henry Fritz, *in pro. per.*, for Petitioner.

U. S. Webb, Attorney General, for Respondent.

RICHARDS, J., *pro tem.*—The petitioner applied for a writ of *habeas corpus* asking for his release from the state prison. Upon the hearing thereon the following facts were made to appear: The crime for which the petitioner was convicted was committed on February 12, 1917. On the second day of November, 1917, by a judgment of the superior court of the county of San Joaquin, he was sentenced to suffer imprisonment in the said state prison for an indeterminate period of not less than one nor more than ten years, under the indeterminate sentence law, which had gone into effect in the month of July of that year. In the month of March, 1918, this court decided the case of *In re Lee*, 177 Cal. 690, [171 Pac. 958], in which it was held that as to offenses committed prior to the date of the taking effect of the indeterminate sentence law, that law would be *ex post facto*, and, hence, judgments imposing indeterminate sentences upon offenders whose offenses had been committed before such law went into effect would be void. The court in that case, however, indicated the course to be pursued in such cases, viz: That such offenders would not be entitled to their discharge, but should be returned to the superior court in which they had been convicted, for the imposition of a proper sentence. In conformity with this suggested procedure the petitioner herein was returned to the superior court of San Joaquin County and was therein and on the eighteenth day of April, 1918, by the judgment of said court sentenced to a term of imprisonment of one year in the said state prison. Having been confined therein for a period of ten months under the former judgment and sentence of said court, and having been

confined therein for a period of more than two months under the last judgment and sentence thereof, the petitioner now contends that he has fully served the term of one year's imprisonment imposed by said second judgment and sentence, and, hence, is entitled to his discharge.

We cannot agree with this contention. In accordance with our ruling in the case of *In re Lee, supra,* the first judgment and sentence under which he was confined was void, and he was, therefore, entitled at any time to have obtained his release therefrom by a writ of *habeas corpus.* That judgment and sentence being void, the petitioner was properly returned under the ruling of *In re Lee, supra,* to the court in which he was convicted for the imposition of a proper judgment and sentence. This judgment and sentence was not an amendment of the former void judgment and sentence, but was an original and the only legal judgment and sentence in his case. In its pronouncement the trial court was entitled to consider and take into account the history of the case from its inception, the nature and enormity of the defendant's crime, the mitigating circumstances, if any, attending or succeeding its commission, the period of time the defendant had already been confined in the county jail or in any other place of incarceration. The court was also entitled to take into consideration the fact that by its former void judgment it had sentenced the defendant to a term in the state prison the minimum of which was one year and the maximum of which was ten years, during the whole of which maximum the defendant might have been required to serve under said first judgment and sentence had the same been legal. The fact that the second judgment and sentence of the court was for the minimum term of one year would seem to argue strongly that the trial court in imposing the same did take these facts into consideration, but, be that as it may, we can see no reason for holding that the second and only valid judgment and sentence in the case of the petitioner should not speak from the date of its rendition, and that the term of imprisonment fixed thereunder should not commence to run upon the actual delivery of the defendant at the place of imprisonment under the express terms of section 670 of the Penal Code.

The petitioner has directed our attention to the cases of *In re Silva,* 38 Cal. App. 98, [175 Pac. 481], and *In re Bouchard,*

CLXXIX Cal.—27

(Cal. App.), 176 Pac. 692, recently decided by the district court of appeal for the first district. It is sufficient to say that we disapprove of the reasoning and conclusion in each of those cases.

The writ is discharged and the petitioner remanded.

Sloss, J., Wilbur, J., Victor E. Shaw, J., *pro tem.*, Melvin, J., Lorigan, J., and Angellotti, C. J., concurred.