[Crim. No. 2216. In Bank.—December 31, 1918.]

In the Matter of the Application of L. D. McCREADY, for a Writ of Habeas Corpus.

CRIMINAL LAW—VOID INDETERMINATE SENTENCE—IMPOSITION OF SECOND SENTENCE—JURISDICTION.—In a criminal action the superior court has jurisdiction to impose a second sentence where the first sentence is void because made for an indeterminate term for a crime committed before the taking effect of the indeterminate sentence law.

ID.—PENDENCY OF HABEAS CORPUS PROCEEDING IN FEDERAL COURT—JURISDICTION OF STATE COURT—IMPOSITION OF SECOND SENTENCE.—The right of the superior court to impose a second sentence where the first sentence is void, is not affected by the pendency of an application for a writ of *habeas corpus* in the district court of the United States, since section 766 of the Revised Statutes is not applicable,

for the reason that the superior court in treating its first judgment as void, and in proceeding to impose a second sentence, is not acting in any matter pending and in process of being heard and determined in said district court.

APPLICATION for a Writ of Habeas Corpus originally made to the Supreme Court. Writ dismissed.

The facts are stated in the opinion of the court.

L. D. McCready, *in pro. per.*, for Petitioner.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

RICHARDS, J., *pro tem.*—A writ of *habeas corpus* was issued upon the petitioner's application and hearing had thereon. The admitted facts of the case are these: During the year 1917 the petitioner pleaded guilty of the crime of rape in the superior court of the county of Los Angeles, California, and by the judgment of said court entered upon such plea was on August 1, 1917, sentenced to an indeterminate term in the state prison at San Quentin of not less than one year nor more than fifty years; and was on August 3, 1917, confined in the said state prison under such judgment and sentence. After serving therein for a period of about ten months, the petitioner herein applied for a writ of *habeas corpus* to the district court of the United States for the northern district of California, claiming that said judgment and sentence were void, for the reason that the offense to which he had plead guilty was committed prior to the taking effect of the statute providing for indeterminate sentences. The said district court returned the petitioner to the custody of the warden of the said state prison pending the determination of that matter; and thereupon and on May 21, 1918, the petitioner herein was taken before the superior court of the said county of Los Angeles and was there and by the judgment of said court resentenced to be imprisoned in said state prison, for a term of twelve years; and on May 25, 1918, was again received and retained in said state prison by virtue of said second judgment and sentence. Thereafter and on August 23, 1918, the said district court of the United States dismissed the said application of the petitioner for a writ of *habeas corpus*. Thereafter and on October 25, 1918, the petitioner

filed the pending application for a writ of *habeas corpus* in this court.

Two points are made by him upon the hearing thereon. The first of these is that the first judgment and sentence of the petitioner being void under the authority of *In re Lee,* 177 Cal. 690, [171 Pac. 958], the superior court which had pronounced the same had no jurisdiction to pronounce a second judgment and impose a second sentence in this case, and hence that the said second judgment and sentence under which he is now being held is also void. The action of the said superior court in the matter of having the petitioner herein returned for a second judgment and sentence was taken under and by virtue of the express suggestion of this court in the case of *In re Lee, supra,* as applicable to all similar cases, which suggestion we have since approved in the case of *In re Fritz, ante,* p. 415, [177 Pac. 157], and to which we adhere in the instant case.

The second point urged by the petitioner is that the second judgment and sentence under which he is now being held was pronounced against him by the said superior court of Los Angeles at a time when he was subject to the exclusive jurisdiction of the district court of the United States for the northern district thereof by virtue of the writ of *habeas corpus* which had been issued out of said court on his behalf and which was still pending and undetermined in said court at the time of the rendition of said second judgment by the superior court of the county of Los Angeles. The petitioner cites as his authority for this contention section 766 of the Revised Statutes of the United States, which, in so far as it relates to *habeas corpus* proceedings in the federal courts, provides that pending such proceedings "and until the final judgment therein and after the final judgment or discharge any proceeding against the person so imprisoned or confined or restrained of his liberty in any state court or by, or under the authority of any state, for any matter so heard and determined under such writ of *habeas corpus,* shall be deemed null and void." The petitioner contends that under the authority of this section of the Revised Statutes of the United States the second judgment and sentence of the Superior court of Los Angeles County under which he is now confined is null and void. The difficulty with this contention on the

part of the petitioner is two-fold: In the first place it appears by the return and hearing upon this writ that the same contention was urged by him upon the final hearing upon the writ of *habeas corpus* issued on his behalf in the district court of the United States, and that court, construing said·section 766 of the Revised Statutes of the United States, [U. S. Comp. Stats. 1916, sec. 1292, 3 Fed. Stats. Ann., 2d ed., p. 480], held that the same was not applicable to the case of the petitioner for the reason that the proceeding which had been instituted by the petitioner in said court was one wherein he sought to have determined that the first judgment and sentence pronounced against him by said superior court was void; and that the said superior court, in treating its said first judgment and sentence as void and in proceeding to enter and enforce its second judgment and sentence against him, was not acting in any matter pending and in process of being heard and determined in said district court. In support of this construction of said federal statute the court cited the case of *In re Strauss*, 126 Fed. 327, [63 C. C. A. 99], which is precisely in point and which in its turn relies upon the cases of *Jugiro* v. *Brush*, 140 U. S. 291, [35 L. Ed. 510, 11 Sup. Ct. Rep. 770], and *McKane* v. *Durston*, 153 U. S. 684, [38 L. Ed. 867, 14 Sup. Ct. Rep. 913, see, also, Rose's U. S. Notes] ; wherein the section 766 of the Revised Statutes of the United States has been similarly construed and limited. We are not only in entire accord with the views expressed by the district court of the United States in its decision of this matter, but we are also disposed to regard the decisions of the federal courts of last resort construing and applying this federal statute as controlling in the determination of the instant case.

The writ is dismissed and the petitioner remanded.

Melvin, J., Sloss, J., Wilbur, J., Lorigan, J., and Angellotti, C. J., concurred.