[Crim. No. 851. First Appellate District, Division Two.—February 4, 1920.]

THE PEOPLE, Respondent, v. CHARLES E. GIBSON, Appellant.

[1] CRIMINAL LAW—VOID SENTENCE UNDER INDETERMINATE SENTENCE ACT—VALIDITY OF SECOND SENTENCE.—Where the sentence imposed by the trial court, under the Indeterminate Sentence Act, is void because the crime was committed before the provision of the code authorizing such a sentence became effective, the proper procedure, on *habeas corpus,* is to remand the defendant to the custody of the sheriff to be resentenced by the court to a definite term; and such second sentence is not void because it was not passed within a reasonable time after the first sentence or because it was pronounced without proper arraignment proceedings; nor is the defendant thereby twice put in jeopardy for the same offense.

APPEAL from a judgment of the Superior Court of Alameda County. W. M. Conley, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

John W. Stetson and Henry A. Davie for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

LANGDON, P. J.—[1] In this case the defendant was convicted of the crime of rape. He appealed from this judgment, urging several grounds for reversal, all of which were decided adversely to him by division one of this court. A rehearing was thereafter denied by said court, and later a petition for hearing by the supreme court of this state was denied. Thereafter, the defendant sought a writ of *habeas corpus* from the court in which the case had been tried. The writ was granted and upon the hearing thereof it was urged by the attorneys for the petitioner that the sentence theretofore imposed by the trial court, under the Indeterminate Sentence Act, was void because the crime was committed before the provision of the code authorizing such a sentence had become effective. This matter had not been urged upon appeal, nor considered by the court upon the

determination of the appeal from the judgment. The trial court remanded the petitioner to the custody of the sheriff to be resentenced by the court upon the ground that the former sentence was void. The petitioner was thereupon sentenced to a definite term of twenty years in the penitentiary. The present appeal is from this judgment, and it is urged, among other matters, that the same is void for the reason that the defendant has been put twice in jeopardy for the same offense; that the sentence is void because not passed within a reasonable time after the first sentence, and that it is illegal because it was pronounced without proper arraignment proceedings.

In view of recent decisions by our supreme court, it is not necessary for us to discuss these contentions at length. They have been decided in the cases of *Ex parte Fritz,* 179 Cal. 415, [177 Pac. 157], and *Ex parte McCready,* 179 Cal. 514, [177 Pac. 459]. The procedure followed by the trial court was the exact procedure advised, under such circumstances, by our supreme court in the case of *In re Lee,* 177 Cal. 690, 696, [171 Pac. 958], and this procedure was again expressly approved in the Fritz and McCready cases, *supra.*

The judgment is affirmed.

Nourse, J., and Brittain, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 1, 1920.

All the Justices concurred.