[Crim. No. 2244. Second Appellate District, Division One.—February 17, 1933.]

THE PEOPLE, Respondent, v. HARRY H. O'BRIEN, Appellant.

Chas. B. Hazlehurst and Webster Hazlehurst for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

YORK, J.—Appellant pleaded guilty to one count in each of two informations which charged him with the crime of robbery. He also entered his plea of not guilty by reason of insanity. The two cases were tried together before the court upon the issue of insanity at the time of the commission of the alleged offenses, trial by jury having been waived. The court found that the appellant was sane, and denied his application for probation in both cases. The court also denied appellant's motions for new trial and sentenced him to the state penitentiary for the crime of robbery for the period prescribed by law. Appellant took an appeal from the judgment of the court, maintaining that he was substantially prejudiced in his rights, because the trial court in its determination of the degree of his crimes considered no evidence of any kind. On March 25, 1932, judgment of this court was made and entered as follows: "In each appeal it is ordered that the order denying the motion for a new trial be and it is affirmed. Each of the judgments is affirmed, subject, however, to further determination of the degree of the several crimes. It is further ordered that defendant appear before the superior court for the purpose of having determined the degree of each of the crimes of which he pleaded guilty, and thereafter that in each action a new judgment be pronounced against him." (*People* v. *O'Brien,* 122 Cal. App. 147, 159 [9 Pac. (2d) 902, 906].)

Appellant was brought back from the state prison, and when the cases were called in the superior court, appellant by his counsel moved to file a plea of once in jeopardy, which motion was by the court denied. Thereafter, on June 1, 1932, new judgments were pronounced in accordance with

the order of this court, the superior court fixing the crimes as robbery of the first degree, sentences on the two counts to run concurrently.

Upon this appeal, appellant maintains that the trial court committed error upon the second hearing when it denied him the right to enter a plea of former jeopardy and not guilty by reason of insanity.

We are of the opinion that the first judgment rendered was merely irregular and that the appellate court pursued the proper remedy when it ordered the appellant returned to the superior court for determination of the degree of his crimes and for sentence, and that therefore he was not again in jeopardy. (*In re Lee,* 177 Cal. 690 [171 Pac. 958]; *In re Fritz,* 179 Cal. 415 [177 Pac. 157]; *In re McCready,* 179 Cal. 514 [177 Pac. 459]; *People* v. *Marshall,* 209 Cal. 540 [289 Pac. 629].)

We are also of the opinion that the question of insanity of appellant at the time he was brought before the trial court after the *remittitur* from the appellate court was not properly raised, if at all, in the trial court, and therefore cannot be raised upon this appeal. (See Rep. Transcript, p. 430.)

The judgment appealed from is affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 17, 1933.