[Crim. No. 1298.   Third Appellate District.—January 10, 1934.]

THE PEOPLE, Respondent, v. AXEL STRATTON, Jr., Appellant.

Hugo S. McKinley and Thomas Griffin for Appellant.

U. S. Webb, Attorney-General, and Jess Hession, Deputy Attorney-General, for Respondent.

PLUMMER, J.—This cause is before us upon an appeal by the defendant from an order and judgment of the trial court fixing and determining, after the taking of testimony, the degree of the offense of robbery of which the defendant had theretofore pleaded guilty. This proceeding was taken and had pursuant to the directions of this court set forth in a former appeal by the defendant from a judgment finding him guilty upon an information charging three separate offenses, two offenses being burglary and one offense being robbery; also, charging the defendant with having been formerly convicted of a felony and having served a term in the state prison in the state of Nevada therefor. To all of the offenses set forth in the information the defendant entered a plea of guilty.

The court, as appears by the record, without any testimony being taken therefor, found the defendant guilty of robbery in the first degree. To correct this error the judgment of the court, so far as it found the defendant guilty of robbery in the first degree, was reversed and the cause remanded for the sole purpose of having the degree of robbery fixed and sentence pronounced in accordance with the degree of the crime so ascertained by the court.

The offense, so far as the charge of robbery is concerned, is alleged to have been committed on or about the twenty-fifth day of August, 1931. The two counts as to burglary, alleging separate offenses, set forth that both offenses were committed on or about the twenty-ninth day of September, 1931.

The record shows that the defendant was found guilty of burglary in the second degree as to both offenses of burglary charged against him.

On the twenty-second day of May, 1933, the defendant filed a notice of motion to vacate the judgment herein referred to on the following grounds: 1st. That the court pronounced a higher and different punishment upon the defendant upon count one than prescribed by law (count one being that portion of the information charging the defendant with commission of robbery). 2d. The motion further set forth that the judgment imposed by the court was without due process of law, and without the equal protection of the law afforded by the United States Constitution, in that the commitment for robbery of the first degree was made without evidence to show whether the crime was committed as the result of torture or whether the defendant was armed with a deadly weapon, etc.; and on the further ground that the judgment was neither a definite nor a determinate sentence, and that the court did not fix a maximum term of imprisonment, as provided by section 671 of the Penal Code.

The court denied this motion of the defendant and thereupon an appeal from such order was taken to this court and heard and determined as hereinbefore stated.

Upon this appeal it is contended that the court was without jurisdiction to affirm the order of the trial court so far as it related to the counts charging the defendant with separate acts of burglary. It is true that the record shows that upon the first appeal the defendant, in this court,

directed his attack solely as to the count charging him with robbery, and the action of the court in relation thereto. However, the motion was directed to the whole verdict and the order of the court denying the motion necessarily was as broad as the substance of the motion, and gave this court jurisdiction to make its order of affirmance.

Upon the remanding of this cause by this court, the trial court proceeded to take testimony and determine therefrom that the defendant was armed with a deadly weapon at the time of the commission of the robbery to which he had pleaded guilty, and pronounced sentence accordingly. It is now contended that the court had no jurisdiction to take such testimony, or to pronounce the sentence adjudging the defendant guilty of robbery in the first degree.

The defendant divides his brief into ten subdivisions, or rather, sets forth his argument under what is denominated therein as ten different points. The argument advanced in support of the ten different points is so interrelated that a clearer understanding of the case is presented by considering the objections as a whole, which present only the following propositions: 1st. That the judgment entered in 1933 finding the defendant guilty of robbery in the first degree after taking testimony therefor, as directed by this court, is void for uncertainty in that it resulted in the imposition of a sentence of imprisonment that would run both concurrently and consecutively with the previously entered sentences on the burglary counts contained in the information. 2d. That the hearing had in October, 1933, to determine the degree of the robbery, as directed by this court, and the subsequent judgment thereon, placed the defendant in jeopardy a second time for the offense to which he had pleaded guilty in October, 1931; and 3d. That section 213 of the Penal Code, fixing the punishment for robbery, and section 1168 of the Penal Code, being the indeterminate sentence law, are unconstitutional in that they provide an uncertain and indefinite punishment, and increased punishments for offenders with prior convictions.

The contention is also made in connection therewith that the court should have complied with the provisions of section 671 of the Penal Code. A reference to the judgment shows that the sentence pronounced on account of the three counts to which the defendant pleaded guilty ran con-

currently, that is to say, the sentences for the two burglary offenses began to run concurrently in 1931, and the sentence imposed by the court for and on account of the robbery charge, to which the defendant had previously pleaded guilty, runs concurrently with the burglary sentences from October, 1933.

The contention of the appellant that there is any uncertainty as to whether the sentences run concurrently or consecutively is without merit. The fact that the robbery judgment is later in date, as to when it begins to run concurrently with the sentences imposed upon the defendant for and on account of the burglary charges, is wholly immaterial, and the effect of the sentences pronounced upon the defendant is and was that upon his return to Folsom prison he began serving the sentence on account of the robbery charge concurrently with the burglary sentences theretofore pronounced upon him.

The act of the appellant in his proceeding to have the sentence originally pronounced upon him for and on account of the robbery charge and a correct judgment thereafter pronounced against him does not have the effect of giving life and vitality to any part of the period elapsing between the date of the first sentence on the robbery charge and the date of his beginning to serve sentence upon the sentence pronounced upon him in 1933, upon the same charge after the degree of the offense had been determined by the trial court. By his own act the original robbery sentence was set aside, and subsequent proceedings had thereon cannot be pleaded as coming under the restrictions of the law relative to prior and subsequent jeopardy for the same offense. The very case (*In re Fritz,* 179 Cal. 415 [177 Pac. 157]) upon which the appellant relies establishes the law to the contrary. In that case the defendant had served a number of months under the indeterminate sentence law and thereafter was returned to the Superior Court of San Joaquin County and definite sentence pronounced by the trial court. Quoting from the syllabus the Supreme Court held as follows: "Where an offender erroneously sentenced for a term of not less than one, nor more than ten years, had served ten months under such indeterminate sentence, and two months under a second

sentence of one year, he is not entitled to his discharge, since the second sentence was the original and only legal sentence.'' The defendant's petition for discharge was denied.

The law is well settled in this state that where a defendant procures a reversal of a former judgment and the cause is remanded for further hearing, the defendant is not entitled to a discharge even though in his proceeding to obtain a reversal he did not ask for a new trial, and the plea of former jeopardy is no defense to the latter proceeding. (See, also, *People* v. *Olwell*, 28 Cal. 456; *People* v. *Barrie*, 49 Cal. 342; *People* v. *Lee Yune Chong*, 94 Cal. 379 [29 Pac. 776].)

The appellant's contention that the indeterminate sentence law has universally been held void is not borne out by the authorities cited. Cases holding the inapplicability of the indeterminate sentence law to offenses committed prior to the enactment of such law do not in anywise trench upon the validity of the act itself.

The case of *In re Lee*, 177 Cal. 690 [171 Pac. 958], cited by the appellant, upholds the law, but held it inapplicable to the particular case then under consideration, and the defendant was remanded for further sentence, it appearing that the offense committed by him antedated the enactment of the indeterminate sentence law.

We do not find anything in section 1097 of the Penal Code favorable to the defendant in this action. The evidence clearly shows that the offense was committed while the defendant was armed, and the trial court, in following the provisions of section 1192, properly determined that the act to which the defendant pleaded guilty was robbery in the first degree.

The contention that section 1168 of the Penal Code is *ex post facto* law as to the defendant is likewise untenable. It is true that the act, approved May 28, 1931, did not become effective until three days after the commission of the robbery to which the defendant pleaded guilty. That, however, does not avail the appellant in this proceeding. Section ''B'' of the act, providing for certain minimum penalties, as it stood prior to the amendment of 1931, read as follows: ''For a person previously convicted of a felony,

either in this state or elsewhere, and armed with a deadly weapon at the time of his commission of the offense, or a concealed deadly weapon at the time of his arrest, fifteen years." By the amendment approved May 28, 1931, the words "fifteen years" were amended to read "ten years".

The law, to be *ex post facto*, must be an act which if applied to the defendant's case works to his disadvantage. (12 C. J., pp. 1097–1102.) The change in this instance in the amending of the law as referred to, works only to the advantage of the appellant.

The contention is likewise made that sections 213, 671 and 1168 of the Penal Code are unconstitutional. No tenable argument, however, is presented to support the contention, nor do we find anything in the argument of appellant which supports the contention that section 213, *supra*, should be given application in this case, rather than section 1168. Section 671, *supra*, does apparently provide that the court might have, in this instance, sentenced the defendant for a certain number of years. However, section 1168, *supra*, without direct reference to section 671, *supra*, suspends the operation thereof by necessary implication. The very first sentence provides that the trial court shall not fix the term or duration of the period of imprisonment.

Again, subdivision 2 of section 1168, *supra*, by necessary implication, repeals the limitation fixed in section 213, *supra*, as to the minimum number of years that must be served by one convicted of robbery in the first degree. The language of subdivision 2 of section 1168, *supra*, reads: "The following shall be the minimum term of sentence and imprisonment in certain cases, notwithstanding any other provision of this Code or any provision of law specifying a lesser offense." The same provision appeared in section 1168, *supra*, prior to the amendment of May 28, 1931. It is set forth in subdivision 4.

No issue was made on the first appeal in this case, nor upon this appeal, as to the question of the guilt of the defendant. The question was again presented as to the power of the court to remand the cause to the trial court for the ascertainment of the degree of the offense to which the defendant had pleaded guilty. The procedure followed in the instant case is supported by the following decisions: *In re Stroff*, 132 Cal. App. 351 [22 Pac. (2d) 770]; *In re*

*Lee, supra; People* v. *O'Brien,* 122 Cal. 147 [9 Pac. (2d) 902]; *People* v. *Scott,* 39 Cal. App. 128 [178 Pac. 298]; *People* v. *Stroff,* 134 Cal. App. 670 [26 Pac. (2d) 315]. This latter case also holds that . the failure to pronounce judgment within five days is not an error entitling the appellant to a discharge, being only a matter of procedure and covered by section 4½ of article VI of the Constitution.

The case of *In re Fontino,* 135 Cal. App. 466, [27 Pac. (2d) 413], is readily distinguishable from the cases we have cited, in that no jurisdiction was retained by the trial court, and this court had had no jurisdiction thereof on appeal, and had not remanded the cause for further proceedings. It is simply an independent action attempted five years after the imposition of the original sentence, and the effect of the decision in the Fontino case is that under the circumstances disclosed in that case the jurisdiction of the trial court over the cause had ceased.

██ The contention of the appellant that the information only charged robbery, and not robbery in either the first or second degree, is without merit. All that the law requires is that the defendant be charged with the offense of robbery, and the degree of the offense is to be fixed after testimony is taken for the purpose of ascertaining the same. (*People* v. *Tognola,* 83 Cal. App. 34 [256 Pac. 455].)

██ Likewise, the contention of the appellant that the law attempting to fix an additional penalty upon one who has been previously convicted of a felony is void, is answered in the negative in the case of *In re Rosecrantz,* 205 Cal. 534 [271 Pac. 902]. The additional penalty imposed is a punishment for the last offense. Nor is the law imposing additional penalties *ex post facto,* or unusual or cruel in its provisions.

A review of the record shows that the trial court followed the procedure directed to be taken by this court in the case of *People* v. *Stratton,* 133 Cal. App. 309 [24 Pac. (2d) 174].

We have carefully considered the contentions of the appellant based upon the Fourteenth Amendment to the United States Constitution and the United States Supreme Court cases cited in his brief, but as they do not appear to

be pertinent to any of the issues involved herein, we do not deem it necessary to consider them at length in this opinion.

The judgment and order appealed from are affirmed.

Thompson, J., and Pullen, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 25, 1934, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 8, 1934.