[Crim. No. 2221. First Dist., Div. One. Dec. 23, 1941.]

In re HAZEL LOROS, on Habeas Corpus.

Edward D. Mabson for Petitioner.

Earl Warren, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

KNIGHT, J.—Petitioner seeks to be discharged from the custody of the chief of police of the city of Oakland, by whom she is imprisoned in the city jail pursuant to a commitment issued by the police court (department one) of said city.

It appears from the record that on December 31, 1940,

after having entered a plea of guilty to a charge of misdemeanor, she was sentenced to 100 days imprisonment in the Oakland City Jail, but the execution of the sentence was suspended and she was released on probation on certain conditions. Petitioner violated those conditions, and on August 14, 1941, after certain proceedings were had in said court, she was sentenced to imprisonment in the city jail for a period of six months. Thereupon a commitment was issued, and pursuant thereto she was on said last mentioned date delivered into the custody of the chief of police, and has since been confined in the city jail.

Section 1203.2 of the Penal Code in part provides: "Upon such revocation and termination [of probation] the court may, if the sentence has been suspended, pronounce judgment after said suspension of sentence for any time within the longest period for which the defendant might have been sentenced, but if the judgment has been pronounced and the execution thereof has been suspended, the court may revoke such suspension, whereupon the judgment shall be in full force and effect, and the person shall be delivered over to the proper officer to serve his sentence, less any credits herein provided for."

It is apparent, therefore, that the second sentence of six months imprisonment imposed on petitioner on August 14, 1941, is a nullity, and since she has already served the full term of imprisonment of 100 days imposed by the first sentence, she is entitled to be discharged from custody thereon. Furthermore, at the time the present proceeding came on for hearing on the merits before this court the district attorney, in writing, conceded that petitioner is entitled to the relief sought.

It is ordered, therefore, that the petitioner be discharged from custody on the charge to which she entered the plea of guilty on December 31, 1940; and it is further ordered that the cash bail of $50 heretofore deposited with the clerk of this court be returned to the depositor thereof.

Peters, P. J., and Ward, J., concurred.