[Crim. No. 3235. First Dist., Div. Two. June 22, 1956.]

In re WILLIAM P. ROBINSON, on Habeas Corpus.

.Harold J. Truett for Petitioner.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Arlo E. Smith, Deputy Attorney General, for Respondents.

DOOLING, J. —Petitioner was found guilty of the crime of forcible rape (Pen. Code, § 261, subd. 3) and applied for probation. On April 24, 1953, the court imposed a sentence of one year in the county jail, suspended the execution of the sentence and granted petitioner probation for a term of three years. On May 14, 1954, after proceedings regularly taken, the court revoked petitioner's probation and sentenced him to the state prison for the term prescribed by law. Petitioner is now confined in the state prison at San Quentin pursuant to this judgment.

Where a judgment authorized by law has been pronounced and its execution suspended before granting probation Penal Code, section 1203.2, provides that upon revocation of probation "the judgment shall be in full force and effect" and it has been held that the court under such circumstances has no power to impose a different judgment on revoking probation. (*In re Loros,* 48 Cal.App.2d 680 [120 P.2d 69].)

In this case, however, the judgment first imposed by the court, imprisonment in the county jail for one year was one which the statute (Pen. Code, § 264) gave the court no power to impose, since the only punishment provided therein for forcible rape is imprisonment in the state prison. for not more than 50 years. The People therefore argue, and we believe correctly, that the court had the power to impose the only legally proper sentence .on petitioner upon the revocation of his probation.

Petitioner argues that the original sentence, though erroneous, was not void and that the time for appeal therefrom having expired such judgment was final when the court imposed the second judgment and was beyond the power of the court to correct. Petitioner cites *In re Reed,* 143 Cal. 634 [77 P. 660, 101 Am.St.Rep. 138], in which case the sen-

tence had been for seven years where the minimum sentence provided by law was ten. The court held in that case that the judgment though erroneous was not void, saying (p. 635) : "The judgment does not impose any kind of punishment different from that prescribed by the code. . . . If the judgment had been for ten years, it would have been a judgment for seven years and three years more, and, so far as the mere naked question of jurisdiction is involved, the power to sentence for the longer term includes the power to sentence for the shorter."

Giving the Reed case its full effect it is not controlling here. As the attorney general points out, in the Reed case the sentence was to the state prison and, since the court had power to sentence the defendant to the state prison, the court was correct in saying: "The judgment does not impose any kind of punishment different from that prescribed by the code." In our case the court by its first judgment purported to sentence the petitioner to the county jail, a power which it did not possess, and therefore did attempt to impose a kind of punishment different from that prescribed by the code. The court had no more power to sentence petitioner to be confined in the county jail for this offense than it would have had to sentence him to confinement in a state hospital.

Authority is ample that when the sentence is beyond the power of the court to impose it is void and the court has the power at a later time to impose the legally provided sentence. (*In re Lee*, 177 Cal. 690 [171 P. 958] ; *In re Fritz*, 179 Cal. 415 [177 P. 157] ; *In re McCready*, 179 Cal. 514 [177 P. 459] ; *Matter of Smith*, 152 Cal. 566 [93 P. 191] ; *People* v. *Booth*, 37 Cal.App. 650 [174 P. 685] ; *People* v. *Scott*, 39 Cal.App. 128 [178 P. 298] ; *People* v. *Gibson*, 45 Cal.App. 770 [188 P. 603] ; *In re Adams*, 61 Cal.App. 239 [214 P. 467] ; cf. *In re McCoy*, 32 Cal.2d 73 [194 P.2d 531] ; *In re Ferguson*, 123 Cal.App.2d 799, 804 et seq. [268 P.2d 71].) Cases cited by petitioner involving attempts to impose a second sentence, where the sentence first imposed was within the court's power, are clearly not in point. (*E.g. Roberts* v. *United States*, 320 U.S. 264 [64 S.Ct. 113, 88 L.Ed. 41] ; *People* v. *McAllister*, 15 Cal.2d 519 [102 P.2d 1072] ; *In re Loros, supra*.)

The petition also contains allegations that on a later charge the petitioner was by a different judge ordered committed to a mental institution for observation as a sexual psychopath,

which order has not been carried out because of his confinement in San Quentin. The question thus presented was neither briefed nor argued by counsel for petitioner and we are entitled to regard it as not urged before us.

The writ is discharged and the petitioner remanded.

Nourse, P. J., and Devine, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.