Filed 8/1/19

# CERTIFIED FOR PUBLICATION

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B290563 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA037651) |
| v. | |
| WARITH DEEN ABDULLAH, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, David W. Stuart, Judge. Affirmed.

————————————

Waldemar Halka, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Paul M. Roadarmel, Jr., and David A. Wildman, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

In 2002, defendant and appellant Warith Deen Abdullah was convicted of 13 counts of armed robbery and one count of assault with a deadly weapon, and sentenced to over 40 years in prison. The sentence included firearm enhancements under Penal Code section 12022.53[1] that were mandatory at the time of the sentencing. Fifteen years later, the Department of Corrections and Rehabilitation (DCR) sent a letter to the trial court calling attention to errors in Abdullah's abstract of judgment. Before the trial court, Abdullah argued that the court must hold a new hearing to sentence him "in the same manner as if he . . . had not previously been sentenced" (§ 1170, subd. (d)(1)), and that he is entitled to the benefit of changes in the law that came into effect after his original sentencing. Specifically, Abdullah contended that the court must exercise its discretion whether to strike his firearm enhancements pursuant to recently enacted Senate Bill No. 620 (2017–2018 Reg. Sess.) (Stats. 2017, ch. 682, pp. 5104–5106) (Senate Bill No. 620). The trial court refused to consider striking the enhancements and instead simply corrected the errors in the abstract of judgment without altering the length of Abdullah's sentence. Abdullah contends that this was error. We disagree and affirm.

**FACTS AND PROCEEDINGS BELOW**

In July and August 2000, Abdullah committed a series of armed robberies of supermarkets in the San Fernando Valley. In 2002, a jury convicted him of 13 counts of robbery (§ 211) and one count of assault with a deadly weapon (§ 245, subd. (a)) and found that he used a firearm in the commission of the robberies.

---

[1] Unless otherwise specified, subsequent statutory references are to the Penal Code.

(§ 12022.53, subd. (b).)  Abdullah admitted that he had previously been convicted of a serious felony.  (§ 667, subd. (a)(1).)

The trial court imposed a sentence with both consecutive and concurrent components, consisting of an aggregate length of 48 years 4 months in state prison.  The sentence included firearm enhancements under section 12022.53, subdivision (b), and a serious-felony enhancement under section 667, subdivision (a)(1).  In a nonpublished opinion, we reversed the convictions of two of the robbery counts for insufficient evidence and modified the judgment to reduce Abdullah's sentence to 43 years.  (*People v. Abdullah* (June 30, 2003, B160063) [nonpub. opn.].)

On December 26, 2017, the DCR sent a letter to the trial court stating that it had discovered possible errors in Abdullah's abstract of judgment and the court's sentencing minute order.  The letter stated that with respect to five of Abdullah's second degree robbery counts, the abstract of judgment and the minute order indicated a sentence of two years, or one-third the middle term for the offense, to be served concurrently with the other terms of his sentence.  One-third middle term sentences, however, may be imposed only on counts for which the trial court imposes a consecutive sentence.  (See § 1170.1, subd. (a).)  The letter noted a similar problem with respect to the firearm enhancements corresponding to the same convictions, which were also listed at one-third of the full term.  Finally, the abstract of judgment and minute order reflected three enhancements of five years each under section 667.5, subdivision (a), but, the letter noted, enhancements under that subdivision are three years.

The trial court held a hearing on June 1, 2018, with Abdullah present, to address the DCR letter.  Abdullah's counsel argued that the court was required to hold a new sentencing hearing to correct these errors, and that he should receive the benefit of changes in the law enacted after his initial sentencing.  In particular, Abdullah

3

asked that the court exercise its discretion under authority recently granted by Senate Bill No. 620 to strike his firearm enhancements.

The trial court denied the request on the ground that the proceeding was "not a resentencing," but that the court instead was "correcting the abstract of judgment." The court corrected the terms of the concurrent sentences and firearm enhancements to run for their full length, rather than one-third. In addition, the court amended the abstract of judgment to state that a five-year serious felony enhancement was imposed pursuant to section 667, subdivision (a)(1), instead of section 667.5, subdivision (a). None of these corrections altered the aggregate length of Abdullah's sentence, which remained 43 years.

## DISCUSSION

We agree with the trial court and with both parties that Abdullah's original sentence, as reflected in the abstract of judgment, was indeed unauthorized with respect to the serious felony enhancement and the length of the concurrent terms. The only question in this case is whether the trial court followed the required procedure to correct these errors.

Abdullah contends that the trial court recalled his sentence under section 1170, subdivision (d)(1),[2] and that the court was therefore required to "resentence [him] in the same manner as if he . . . had not previously been sentenced." According to Abdullah, the trial court was therefore required to consider striking his

---

[2] The Attorney General agrees with Abdullah on this point, but we are "not bound to accept concessions of parties as establishing the law applicable to a case." (*Desny v. Wilder* (1956) 46 Cal.2d 715, 729.) "[O]ur duty [is] to declare the law as it is, and not as either appellant or respondent may assume it to be." (*Bradley v. Clark* (1901) 133 Cal. 196, 210.)

4

firearm and serious felony enhancements pursuant to Senate Bill No. 620[3] even though that bill applies retroactively only to defendants whose convictions, unlike Abdullah's, were not final at the time the bills became effective. (See *People v. Woods* (2018) 19 Cal.App.5th 1080, 1089−1091.)

We disagree. The trial court acted under its inherent authority to correct an unauthorized sentence, not under section 1170, subdivision (d)(1). Because the errors did not "fundamentally infect[ the] entire sentencing scheme" (*People v. Stevens* (1988) 205 Cal.App.3d 1452, 1457), the court was not required to hold a new sentencing hearing or to consider whether to strike the sentence enhancements.

We start with the proposition that, in general, a trial court is without jurisdiction to change a criminal defendant's sentence once execution of the sentence has commenced. (*People v. Karaman* (1992) 4 Cal.4th 335, 344.) Two exceptions to this rule are relevant to this case. First, "[t]he imposition of a sentence not statutorily authorized . . . is subject to correction whenever it comes to a court's attention." (*People v. Martinez* (1998) 65 Cal.App.4th 1511, 1519.) A sentence is unauthorized when it " ' "could not lawfully be imposed under any circumstance in the particular case." ' " (*People v. Turrin* (2009) 176 Cal.App.4th 1200, 1205.) When a trial court becomes aware that a defendant's sentence is unauthorized, "that sentence must be vacated and a proper sentence imposed whenever

---

[3] After Abdullah's resentencing hearing, the Legislature enacted Senate Bill No. 1393 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1013, pp. 6668−6672), which gave trial courts the discretion to strike serious felony enhancements under section 667, subdivision (a)(1). Abdullah argues on appeal that the court must consider striking his serious felony enhancement under this provision. Our analysis is the same for this argument as for Senate Bill No. 620.

the mistake is appropriately brought to the attention of the court." (*People v. Massengale* (1970) 10 Cal.App.3d 689, 693.) The court's authority to correct unauthorized sentences is a strictly judicial function (see *In re Sandel* (1966) 64 Cal.2d 412, 417), and has been recognized for more than a century. (See *In re Robinson* (1956) 142 Cal.App.2d 484, 486 [describing a series of cases dating to 1918 in which the court corrected an unauthorized sentence].)

The second exception relevant to this case is the court's power to recall a sentence under section 1170, subdivision (d)(1). That provision provides that the trial court "may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary [of the DCR] or the Board of Parole Hearings in the case of state prison inmates, the county correctional administrator in the case of county jail inmates, or the district attorney of the county in which the defendant was sentenced, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence." (§ 1170, subd. (d)(1).) The predecessor of this provision originated in California's indeterminate sentencing system. (See *Dix v. Superior Court* (1991) 53 Cal.3d 442, 457 (*Dix*).) Under that system, the DCR could submit a report of a diagnostic study of an individual to the trial court and, in the appropriate instance, recommend that the trial court recall the defendant's sentence and resentence him. (See, e.g., *Holder v. Superior Court* (1970) 1 Cal.3d 779, 782; *People v. Delson* (1984) 161 Cal.App.3d 56, 62.)

When enacting the determinate sentencing law, the legislature removed the requirement for a diagnostic study but retained the court's authority to recall and resentence defendants

6

in section 1170, subdivision (d).[4]  (*Dix, supra*, 53 Cal.3d at p. 458.)
The statute states that "[t]he court resentencing under this
subdivision shall apply the sentencing rules of the Judicial Council
so as to eliminate disparity of sentences and to promote uniformity
of sentencing" (§ 1170, subd. (d)(1)), but the trial court may
exercise its authority "for any reason rationally related to lawful
sentencing," not merely to correct a disparity of sentences.  (*Dix,
supra*, 53 Cal.3d at p. 456.)

The function of section 1170, subdivision (d)(1) is
thus entirely distinct from the court's obligation to correct an
unauthorized sentence.  Nothing in the legislative history of
section 1170, subdivision (d)(1) nor logic requires an interpretation
of that statute as limiting a court's power to correct an
unauthorized sentence.[5]  Indeed, these two sources of authority
have such distinct purposes that in certain instances, they are
flatly incompatible.  For example, the court is required to take
action at any time it becomes aware of an unauthorized sentence
(*People v. Massengale, supra*, 10 Cal.App.3d at p. 693), but
section 1170, subdivision (d)(1) allows the trial court to act only

---

[4]  In 2012, the Legislature enacted section 1170,
subdivision (d)(2) to allow for resentencing of certain
defendants serving life sentences for crimes committed as
juveniles.  (Stats. 2012, ch. 828, § 1, pp. 6531−6533.)  As a result,
the subdivision at issue in this case, which had previously been
codified at section 1170, subdivision (d), became section 1170,
subdivision (d)(1).

[5]  In certain cases, courts have assumed that trial courts
may use their power under section 1170, subdivision (d)(1)
to correct an unauthorized sentence.   (See, e.g., *People v. Hill*
(1986) 185 Cal.App.3d 831, 833–835 (*Hill*); *People v. Torres*
(2008) 163 Cal.App.4th 1420, 1428–1429.)  We need not and
do not decide whether this assumption is correct.

within 120 days of the defendant's date of commitment or upon the recommendation of certain officials.  In addition, when a defendant's sentence is unauthorized because it is too lenient, the court must increase the length of the sentence in order to correct the error.  (See *People v. Serrato* (1973) 9 Cal.3d 753, 764, disapproved on another ground in *People v. Fosselman* (1983) 33 Cal.3d 572, 583, fn. 1.)  Section 1170, subdivision (d)(1), however, does not allow an increase of sentence, only a reduction in the sentence.

In this case, there is no indication that the trial court acted under section 1170, subdivision (d)(1).  In its letter to the trial court, the DCR did not cite section 1170, subdivision (d)(1), nor did it "recommend . . . recall [of Abdullah's] sentence" so that the court could consider reducing it.[6]  Instead, the DCR's letter pointed to errors in Abdullah's abstract of judgment and asked the court to consider correcting them.  Even if we were to assume for the sake of argument that the letter constituted a recommendation to the trial court under section 1170, subdivision (d)(1), the trial court was not required to act on that recommendation.  (See *People v. Delson, supra*, 161 Cal.App.3d at p. 63.)  In this case, the trial court made it clear during the hearing that it was not recalling and resentencing Abdullah.  The court had the authority to correct the unauthorized

---

[6] In the letter, the DCR cited *Hill* for the unobjectionable proposition that when resentencing a defendant, "the trial court may reconsider all sentencing choices" and is "[n]ot limited to merely striking illegal portions." (*Hill, supra*, 185 Cal.App.3d at p. 834.)  Although *Hill* involved the application of section 1170, subdivision (d)(1), we do not consider the DCR's citation as a recommendation to resentence Abdullah pursuant to that subdivision.

sentence independently of section 1170, subdivision (d)(1), and it did so.[7]

Because the trial court did not recall Abdullah's sentence under section 1170, subdivision (d)(1), it was not required to "resentence [him] in the same manner as if he . . . had not previously been sentenced." Abdullah argues that a new sentencing hearing was nevertheless required, citing several cases in which the Court of Appeal either remanded a case involving an unauthorized sentence to the trial court for a full resentencing hearing, or approved the trial court's decision to refashion all aspects of a defendant's sentence rather than simply correct the unauthorized portions. (See, e.g., *People v. Castaneda* (1999) 75 Cal.App.4th 611, 613–615; *People v. Savala* (1983) 147 Cal.App.3d 63, 66–69, disapproved on another ground by *People v. Foley* (1985) 170 Cal.App.3d 1039, 1046; *People v. Alvarado* (1982) 133 Cal.App.3d 1003, 1029.) These cases are not applicable because they involve errors that "fundamentally infected [the defendant's] entire sentencing scheme." (*People v. Stevens*, *supra*, 205 Cal.App.3d at p. 1457.) For example, in *Hill*, *supra*, 185 Cal.App.3d at p. 833, the trial court initially imposed a 16-year aggregate sentence for four counts of child molestation (§ 288, subd. (a)), consisting of an eight-year sentence on one count, a consecutive eight-year sentence on a second count, and concurrent six-year sentences on the two remaining counts. The DCR letter informed the court that the consecutive eight-year sentence on the second count was unauthorized. (*Hill*, *supra*, 185 Cal.App.3d

_____

[7] Abdullah concedes that one of the errors in his abstract of judgment—the substitution of section 667.5 in place of section 667 as the basis for the serious felony enhancements—was a clerical error. The court has the inherent authority to correct clerical errors at any time (*People v. Mitchell* (2001) 26 Cal.4th 181, 185), and the trial court did not err by doing so in this case.

9

at p. 833.)  The defendant argued that the trial court should have modified only the unauthorized portion of the sentence, while leaving the remainder in place, but the Court of Appeal disagreed and affirmed the trial court's decision to restructure the defendant's entire sentence with respect to all four counts.  (*Id.* at pp. 833–835.) The appellate court reasoned that the trial court may reconsider the defendant's entire sentence, not merely the unauthorized portion, "because an aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components.  The invalidity of one component infects the entire scheme."  (*Id.* at p. 834.)

Because the errors in Abdullah's case pertained only to the length of concurrent terms, the correction of the errors did not affect the other components of his sentence.  When, as here, errors in a sentence involve "only a question of law," due process does not require the court to hold a resentencing hearing to correct them. (*People v. Shabazz* (1985) 175 Cal.App.3d 468, 474.)  The record in this case shows the length of the sentence the trial court intended to impose at Abdullah's initial sentencing.  The court could correct the length of Abdullah's concurrent terms without calling the court's original discretionary decisions into question.  When presented with an almost identical error in *People v. Quintero* (2006) 135 Cal.App.4th 1152, the Court of Appeal took the same step that the trial court did here.  Rather than remand the case for a new sentencing hearing, the court simply directed the trial court to amend the abstract of judgment to state the correct length of the concurrent terms.  (See *id.* at p. 1156, fn. 3.)  The trial court did not err by correcting the abstract of judgment in the same manner here.

## DISPOSITION

The trial court's order is affirmed.

CERTIFIED FOR PUBLICATION.


ROTHSCHILD, P. J.

We concur:


JOHNSON, J.


BENDIX, J.