Angel M. Vargas, Plaintiff and Appellee, v. Miguel Alers Vázquez, Defendant and Appellant.

No. 9641.   Argued June 2, 1948.—Decided July 21, 1948.

*Benjamín Ortiz* and *Alvaro Ortiz* for appellant. *Bauzá &
Bauzá* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

The District Court of San Juan rendered judgment in
this case granting the amended complaint and ordering the
defendant to pay to the plaintiffs the amount of $3,000.00 for
damages for the death of the latter's son of six years of age,
which was caused when the latter was run over by defend-
ant's automobile while being driven by him along the left-
hand side of the street in Roosevelt Development in Hato
Rey. Feeling aggrieved, the defendant appealed and alleges
that the lower court erred: 1st., in overruling his motion
for the dismissal of the amended complaint and in deciding
that the claim had not prescribed; 2d, in granting com-
pensation solely on the ground of mental sufferings by the
plaintiff, and that the amount granted was excessive; 3rd,
in overruling his motion for nonsuit; 4th, in rendering a
judgment contrary to law because the evidence does not sup-
port the finding of defendant's negligence; and 5th, in weigh-
ing the evidence and deciding the conflict in favor of the
plaintiff.

The original complaint was filed by Ángel M. Vargas.
It was alleged therein that he was married to Graciela Ral-
diris with whom he lived and that the child Angel Mario
Vargas Raldiris was their legitimate son. The defendant an-
swered that complaint denying all the facts alleged therein.
Thereafter plaintiff filed a motion asking leave to file an
amended complaint, which he accompanied, and wherein he
alleged, under averment 1 B, that the plaintiff appears for
himself and in representation of his wife, Graciela Raldiris,
because they are the sole and universal heirs of their de-
ceased son. The defendant then filed a motion to strike the
amended complaint and to dismiss the original complaint.
1st, because plaintiff did not obtain leave of the court to file

the amended complaint; 2d because the original complaint does not adduce facts sufficient to constitute a cause of action; 3rd because the amended complaint sets up a different action from that alleged in the original complaint; 4th because a complaint that does not adduce a cause of action cannot be cured by an amended complaint which sets up a different cause of action; and, 5th because the cause of action set up in the amended complaint has prescribed.

Almost a year after this motion was filed, the court entered an order [1] denying the dismissal on the ground that the purpose of the allegation contained in averment 1B of the amended complaint was to cure a defect of the original complaint, inasmuch as pursuant to Rule 17 (*j*) of Civil Procedure [2] the legitimate mother shall always be a party in the action and, therefore, that the action had not prescribed.

■ Appellant contends, in the first place, that the court erred in refusing to strike the amended complaint filed without leave of court required under Rule 15 (*a*) of Civil Procedure, inasmuch as the original complaint had already been answered by the defendant.[3] Although there is no showing

---

[1] The motion was filed on May 10, 1945 and the order was rendered on April 4, 1946.

[2] Rule 17 (*j*) of the new Rules of Civil Procedure does not exist in the Federal Rules. It is a literal reproduction of § 60 of the Code of Civil Procedure and provides; "(*j*) *Action for Injury cr Death of Minor Child.* —A legitimate or acknowledged natural father, who has not abandoned his family, and the legitimate or natural mother, may individually or jointly maintain an action for the injury or death of a minor child, and a guardian for the injury or death of his ward, when such injury or death is caused by the wrongful act or neglect of another. Such action may be maintained against the person causing the injury or death, or if such person be employed by another person who is responsible for his conduct, also against such other person; provided, that the legitimate or natural mother shall always be a participant in the action to the same extent as the legitimate or acknowledged natural father; and provided, that nothing hereinbefore set forth shall be construed in violation of the rights of inheritance established by the Civil Code or the actions originating therefrom."

[3] Rule 15 (*a*), in its pertinent part, provides:

"(*a*) Amendments.—A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action

that the court granted or denied plaintiff's motion asking leave to file the amended complaint, said leave was impliedly granted by denying defendant's motion to strike out the amended complaint and to dismiss the original one.

■ Appellant maintains also that the action brought by the wife, upon the latter being joined as party in the amended complaint, sets up a different action from the one instituted by her husband in the original complaint and that since the former was filed more than one year after the date of the accident, it was barred. We do not agree. In *Parrilla* v. *Loíza Sugar Co.*, 52 P.R.R. 232 (pursuant to § 60 of the Code of Civil Procedure), and *Asencio* v. *Am. Railroad Co.*, 66 P.R.R. 218 (pursuant to Rule 17(*j*) equivalent to § 60, *supra*), we have held that pursuant to this Section "There is but one action, although perhaps it may be exercised at times indiscriminately by either parent." Since we are dealing with a cause of action in favor of the parents, the amended complaint did not include a cause of action different from that set up in the original complaint and, therefore, it has not prescribed.

■ The fact that the amended complaint alleged that the plaintiff and his wife are the sole and universal heirs of their deceased son, does not mean that the cause of action brought was that to which their son would have been entitled, as contended by appellant. The original, as well as the amended complaint, are predicated on the cause of action of the parents for the damages suffered by the death of their son as a consequence of a wrongful act of the defendant.

■ Neither the first nor the second error was committed for we have held, and appellant so admits in his brief, that mental suffering is an element which should be considered in fixing the damages for the loss of a son. *Orta* v. *P. R. Railway, L. & P. Co.*, 36 P.R.R. 668; *López* v. *American Rail-*

has not been placed upon the trial calendar, he may so amend it at any time within ten days after it is served. Otherwise a party may amend his pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

*road Co. of P. R.,* 50 P.R.R. 1; *Rojas v. Maldonado,* 68 P.R.R. 757. The amount of three thousand dollars granted in this case cannot be considered excessive. Cf. *Rojas v. Maldonado,* supra.

■ In the third, fourth and fifth assignments appellant maintains that the court erred in overruling the motion for nonsuit and in rendering judgment contrary to the evidence, committing manifest error in weighing the same. In the opinion rendered by the trial court, when referring to the evidence, the following was stated:

"The accident in which the minor Angel Mario Vargas Raldiris met his death happened, according to plaintiff's evidence which was believed by us, in the following manner: On February 18, 1944 said child attended 'maternal' school as usual. It is situated in the public highway which leads from Ponce de León Avenue to Eleanor Roosevelt Development and it is known as the 'Insular Highway'. At four o'clock in the afternoon said child left school together with his sister Carmen Alicia Vargas Raldiris, 10 years of age, who had been sent by her mother to get him. Nicolás Iglesias, a classmate of Angel Mario Vargas, lived in house number 7 in the opposite side of the street. After leaving school Angel Mario, Nicolás, Carmen Alicia and Luis Gualberto Vargas, another brother of Angel Mario, crossed the street and began to play marbles on the sidewalk in front of Nicolás' house. The game they played, in child talk is called *'choli y cuarta'* or *'testa y cuarta'* or simply *'testa'* and it consists in shooting a ball with the thumb to strike another ball. In this game some of the balls ran off the sidewalk and fell on the street pavement. Around five o'clock in the afternoon of that day the defendant was travelling in his automobile license No. 655 along said 'Insular Highway' at a moderate speed towards the home of Attorney Benjamín Ortiz, situated in the ward of Guaynabo. When said automobile approached the place where the children were playing, the defendant was driving his automobile which belonged to his wife Encarnación Maldonado, *along the left-hand side of said public highway so near the sidewalk on that side that it ran over the minor at a time when the latter was standing on the pavement on the left-hand side of the road,* close near the sidewalk of said house number 7, waiting for his sister Carmen Alicia to shoot her

ball against his which had run off the sidewalk and fallen to the pavement. In running over him he received injuries which caused his death shortly thereafter.

"This accident was obviously due to the negligence of the defendant in driving his automobile *on the left-hand side of the street* in violation of subdivision (*d*) of Section 17 of the Motor Vehicles Act and in such negligent manner that he did not realize that there was a boy standing in the place described until after his automobile had run over him." (Italics ours.)

We have carefully read the transcript of the evidence in this case and we are of the opinion that the court did not err in overruling the motion for nonsuit nor did it commit manifest error in weighing the evidence as a whole. The evidence of the plaintiffs as well as that of the defendant revealed the fact that the latter was negligent in driving his automobile along the left-hand side of the road without realizing that, close to the left sidewalk there were several children playing and that due to his carelessness he hit plaintiff's son. The court did not believe defendant's evidence tending to show that the minor was crossing the street when he was run over and, therefore, it disregarded defendant's defense to the effect that the accident was due to the contributory negligence of the child. Under the attendant circumstances in this case the negligence of the defendant consisted in driving his automobile along the left-hand side of the road, in violation of the statute without any justifiable reason therefor. As stated in *Olson* v. *Meacham*, 19 Pac. 2d 257, 530, upon referring to an instruction given by the court to the jury: "There is nothing in that instruction which fixes the liability upon the defendant. It simply states that a violation of law constitutes, under certain circumstances, negligence. In this case, driving on the wrong side of the road when there was no necessity therefor constituted negligence." See, also *Ramos* v. *Heirs of Nadal*, 29 P.R.R. 546.

The judgment is affirmed.

Mr. Justice De Jesús did not participate herein.